## MARY M. and IRWIN B. DOOLITTLE

### *v.*

## WILLIAM DON MAUS.

DECREE IN PARTITION. The plaintiffs in an action of ejectment cannot recover premises which have been set off to a person under whom the defendant claims by a decree in a partition suit, to which the plaintiffs were parties. The decree in partition is conclusive upon the parties and privies.

WRIT OF ERROR to the Circuit Court of Tazewell county; Hon. JAMES HARRIOTT, Judge, presiding.

This was an action of ejectment brought to the September term, 1862, of the Circuit Court of Tazewell county. Verdict and judgment passed for the defendant, and the plaintiffs sued out a writ of error. The facts appear in the opinion.

Messrs. COOPER & Moss, for the plaintiffs in error.

Mr. B. S. PRETTYMAN, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is an action of ejectment to recover a quarter section of land in Tazewell county. The plaintiffs claim title as heirs of Irwin B. Doolittle. The defendant introduced in evidence the record of a judgment against Irwin B. Doolittle, an execution issued thereon, the sheriff's return thereto, and a sheriff's deed of the premises to William B. Doolittle, dated March 6, 1849. The defendant also offered in evidence the last will and testament of William B. Doolittle, proved July 27, 1854, by which he devised his estate in four equal undivided parts, viz.: To the children of Irwin B. Doolittle, deceased, one-fourth part; to Amaziah B. Doolittle, one-fourth part; to George W. Doolittle, one-fourth part, and to the children of Rawley D. Doolittle, one-fourth part. The defendant also offered in evidence the record of a judgment rendered in 1855, in a suit for partition, wherein Amaziah B. Doolittle and others were plaintiffs, and the plaintiffs in this suit, and others, were defendants, by which the premises in controversy were set off to Amaziah B. Doolittle, under whom the defendant claimed title. The judgment in the suit for partition vested the title to the premises in controversy in Amaziah B. Doolittle, and the plaintiffs are estopped from asserting to the contrary as against him and all persons claiming under him. It is well settled that the judgment of a court having jurisdiction, binds the parties, and is available to all persons claiming under either of them.

Various objections were made in the court below to the judgment, execution and sheriff's deed, under which William B. Doolittle derived title. As the plaintiffs are estopped from asserting any title to the premises against Amaziah B. Doolittle and those claiming under him, it is entirely immaterial whether William B. Doolittle had any title or not. This view of the case renders it unnecessary to consider any of the objections made.

The judgment of the court below is affirmed.

*Judgment affirmed.*