## JACOB GLOS *et al.*

*v.*

## HULDUR ARMIA ELLINOR SWANSON.

*Opinion filed April 18, 1907—Rehearing denied June 6, 1907.*

1. PLEADING—*when refusal of leave to file rejoinder is proper.* Refusal of leave to file a rejoinder to a replication in an action of ejectment is proper, where the motion for leave was not made until the second trial of the case and no reason given for the delay.

2. EJECTMENT—*who must be made parties where premises are occupied.* Under section 6 of the Ejectment act, where premises are actually occupied by some person, the actual occupant must be named as defendant in the suit, and all other persons claiming title or interest in the premises should be joined as defendants.

3. SAME—*denial of claim of title or interest must be by verified plea.* In ejectment, where the defendants' claim of title or interest is first set up in the replication to a verified plea denying possession, it is necessary that the defendants file a rejoinder denying, under oath, any claim of title or interest in order to permit proof of that fact in defense.

4. SAME—*default of one defendant does not admit cause of action against other defendants.* The default of the defendant named as the actual occupant in an ejectment suit does not admit the cause of action against the other defendants who appear and plead, and does not relieve the plaintiff of the necessity of establishing his case as against them.

5. SAME—*when court should not direct a verdict for the plaintiff.* In ejectment, where the defendant named as actual occupant is defaulted but the other defendants file pleas of not guilty and verified pleas denying possession, which are not traversed in the replication alleging that such defendants claimed some title or interest, if the proof shows that the person named as actual occupant was not in possession of the lots, but that as the owner of the adjoining lot she had, by mistake and without claim of title or right, placed her division fence upon one of the two lots in controversy, both of which were vacant, but had removed it as soon as she discovered her mistake, it is error to direct a verdict for the plaintiff upon mere proof of title in him.

APPEAL from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

WILLIAM GIBSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, Huldur A. E. Swanson, brought this suit in ejectment in the circuit court of Cook county against Julia · A. Kelly and the appellants, Jacob Glos and Emma J. Glos, to recover possession of lots 12 and 13 in Knickerbocker's subdivision of the south 4.15 acres of block 20, in the canal trustees' subdivision of the east half of section 31, township 39, range 14, in said county. The declaration was in the usual form as prescribed by section 11 of the Ejectment act. Julia A. Kelly was defaulted. Appellants severally filed pleas of not guilty and verified pleas that they were not in possession of the premises at the time of bringing the suit. To the special pleas appellee filed replications, alleging that before and after the commencement of the suit the premises were actually occupied; that the defendant Julia A. Kelly was in the actual occupancy of the same and that appellants, respectively, claimed some title or interest in or to the premises, and these replications concluded to the country. There was no rejoinder to either of the replications, and there was a trial at which there was a verdict for appellee. Appellants took a new trial under the statute, and when the cause was called for trial the second time they asked leave to file rejoinders to the replications, denying under oath that they claimed title or interest at the time the suit was commenced. The motion was denied and appellants excepted. A trial by jury ensued, and at the conclusion of the evidence the court directed the jury to return a verdict for the appellee, which was done. Judgment was entered on the verdict, and this appeal was prosecuted.

The motion for leave to file rejoinders to the replications was not made until the case was called for trial the

second time, and no reason was given for the delay in applying for the leave. Under such circumstances the granting or refusing leave was in the sound discretion of the court, which was not abused, and the ruling was not erroneous. *Phenix Ins. Co.* v. *Stocks,* 149 Ill. 319; *Glos* v. *Patterson,* 209 id. 448.

Appellee offered documentary evidence of her title, and appellant Jacob Glos then testified that on November 12, 1902, when the suit was commenced, he did not claim any title or interest in the premises and did not make any such claim at the time of the trial. The court struck out the testimony, and the appellants excepted. Our Ejectment act provides for two classes of cases in which the action will lie. Cases where the premises are actually occupied by some person are provided for by section 6, and in such cases the actual occupant must be named as defendant in the suit and all other persons claiming title or interest to or in the premises may also be joined as defendants. (*South Park Comrs.* v. *Gavin,* 139 Ill. 280.) To the declaration, which alleged that on November 11, 1902, appellee was possessed of the premises, and that afterward, on November 12, defendants entered into the possession of said premises and ejected appellee and unlawfully withheld possession, appellants filed their verified pleas denying possession. The replications did not traverse that averment, which was therefore admitted, but they alleged that the defendant Julia A. Kelly was in actual occupancy and that appellants, respectively, claimed some title or interest in or to the premises. There was no rejoinder to the replications, and the court did not err in striking out the testimony that Jacob Glos claimed no title or interest. It was necessary for appellants to deny by verified plea that they claimed title or interest in the premises to permit proof of that fact.

The defendant Julia A. Kelly, who had been defaulted, was called by appellants as a witness, and they proved by her the following facts: She owned and was in possession

of the lot adjoining one of the lots in controversy. There was a house on her lot, and when the suit was commenced there was a fence between her lot and the adjoining lot. The lots in controversy were vacant and unoccupied and the division line between her lot and the adjoining one had not been ascertained. She did not claim any right or interest in the lots in controversy, or either of them, or any right of possession. Her fence was, in fact, over the division line and had been put there by mistake. The first information she had that her fence was over the line on the adjoining lot was when the suit was commenced, and her husband had it removed within a week and there has been no fence there since. No objection was made by the appellee to her testimony, and no question is raised as to the right of the appellants to defend under the plea of the general issue provided for by the statute, on the ground that Julia A. Kelly was not in possession, but the claims of appellee are, that the default of Julia A. Kelly admitted that she was in possession of the premises, and, as a matter of fact, she was in possession of some part of one of the lots, which authorized bringing the action. Her default admitted the allegations of the declaration and admitted the cause of action therein alleged, but where there are several defendants the default of one is not an admission by the others, and does not relieve the plaintiff from the necessity of establishing his case as against those who appear and plead. (6 Ency. of Pl. & Pr. 119.) One defendant cannot admit a cause of action for his co-defendant who defends against it, and while the default of Julia A. Kelly admitted her occupancy of the premises it did not bind appellants. There was no pretense that one of the lots was occupied by anybody, and the mistake in setting the fence over the line did not extend the possession of Julia A. Kelly over the two lots or either of them, since she made no claim of title. It does not appear how far over the line the fence was, but it was a mere mistake because the correct line had not been ascertained.

The replications admitted that appellants were not in possession of these lots and the proof showed that Julia A. Kelly was not. The fact that Julia A. Kelly was not in possession of the lots having been proved, the court erred in directing a verdict for the plaintiff.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*