(No. 23316.—

MATHILDA CHAMBLIN, Appellant, *vs.* CHARLES EDWARD CHAMBLIN *et al.* Appellees.

*Opinion filed February 14, 1936—Rehearing denied April 10, 1936.*

EDWARD PREE, JASPER S. GULLO, and NELSON O. HO-WARTH, for appellant.

COVEY & WOODS, for appellee Lossie Reynolds Chamblin.

Mr. JUSTICE JONES delivered the opinion of the court:

Mathilda Chamblin filed a suit in equity in the circuit court of Mason county in April, 1933, against Charles Edward Chamblin for separate maintenance. The bill also prayed to have set aside a conveyance of lands in said county from Chamblin to A. E. Hilliard and from him to Lossie Reynolds. Chamblin was defaulted. The other defendants answered. Upon a hearing the bill was dismissed for want of equity and this appeal followed.

Chamblin and his wife, Mathilda, were married August 17, 1929. She instituted a suit for separate maintenance

in Mason county, January 27, 1930, and later dismissed it. They finally separated October 4, 1930. On March 2, 1931, Chamblin instituted a suit for divorce against complainant in the district court of Washoe county at Reno, Nevada. Service was had by publication and Mrs. Chamblin was also served in Mason county, Illinois, with a summons and a certified copy of the bill of complaint. By advice of her counsel she did not appear and a default decree was entered against her April 17, 1931. She again filed a suit for separate maintenance in Mason county, Illinois. That suit was dismissed and thereafter the conveyances in controversy were made and recorded. The complainant then brought a suit in Reno, Nevada, to set aside the divorce decree. Upon the hearing a decree was entered in her favor from which Chamblin appealed to the Supreme Court of Nevada. That court reversed the decree and remanded the cause with directions to the lower court to dismiss the suit at her costs. While those proceedings were pending, Chamblin filed a second suit for divorce in Reno. Evidence was heard and a decree was entered against appellant. She appealed to the Supreme Court of Nevada, but upon the decision of that court in the first case, her appeal was dismissed and the second suit for divorce was also dismissed.

Appellant claims that the decree for divorce in Nevada was obtained through fraud and that the courts of Nevada had no jurisdiction because Chamblin was not a *bona fide* resident of that State when he brought suit. She relies upon the decisions of the United States Supreme Court and of this court, which hold that the constitutional provision requiring full faith and credit to be given to the judicial proceedings of another State does not prevent an inquiry into the jurisdiction of the court which rendered the judgment or decree, either as to the person or the subject matter, notwithstanding a recital therein of the jurisdictional facts. (*Thompson* v. *Whitman*, 18 Wall. 457; *Simmons* v. *Saul*, 138 U. S. 439; *National Exchange Bank* v. *Wiley*,

195 id. 257.) In consonance with those holdings we have repeatedly announced the same doctrine. (*Dunham* v. *Dunham*, 162 Ill. 589; *Field* v. *Field*, 215 id. 496; *Forsyth* v. *Barnes*, 228 id. 326; *Pembleton* v. *Illinois Commercial Men's Ass'n*, 289 id. 99.) But it is to be observed that in each of the cases cited, the judgment or decree had not been previously assailed on jurisdictional facts in the State where it was rendered.

In the divorce proceeding, the complaint alleged that Chamblin was a *bona fide* resident of the State of Nevada for the required statutory period. His testimony supported that allegation and the decree found he had been such a resident for a sufficient period of time. In the proceeding filed by Mrs. Chamblin in Nevada to set aside that decree it was alleged that the decree was obtained through the fraud and perjury of Chamblin; that he was not physically present in the State of Nevada for the minimum time required by the statute of that State before filing his suit, and that he was not a *bona fide* resident of Nevada at the time the suit was instituted. These issues are the same as are presented by her in the present case. The Supreme Court of Nevada found that she·had been duly served with process; that she had opportunity to appear and defend; and that she was charged with knowledge that her husband would produce the testimony which she claimed constituted perjury. In the course of the opinion, the court said, "From the very nature of the grounds of fraud relied upon, it is seen that it is not extrinsic or collateral to the matter tried by the court in a suit resulting in the decree of divorce."

The finding of jurisdictional facts by the *nisi prius* court in Nevada was not conclusive and could be attacked by complainant in Nevada or in this State. She did not choose to bring her suit in the courts of this State, but selected the court in which the divorce decree was rendered, and tendered the same issues that are presented here. She

now claims that the jurisdictional questions were not determined. They were not extrinsic or collateral to the matter tried, but were directly involved in the question of a fraud upon the court. She put those matters in issue by her bill and they were decided against her by the Supreme Court. Having selected her forum for the trial of the same issues which she now seeks to present to this court, she is concluded by the final adjudication in that proceeding. A court's jurisdiction having been once attacked, the former adjudication precludes the raising of the question again. (*Chicago Title and Trust Co.* v. *National Storage Co.* 260 Ill. 485.) The doctrine of *res adjudicata* and estoppel applies not only to all matters that were litigated, but to all others that might have been presented in that proceeding. Cases will not be entertained and tried piece-meal. *Godschalck* v. *Weber,* 247 Ill. 269; *Ferriman* v. *Gillespie,* 250 id. 369; *Bailey* v. *Bailey,* 115 id. 551.

The former adjudication is binding not only upon the parties to the proceeding but may be set up and availed of by the privies in title of either of them. (*Weberpals* v. *Jenny,* 300 Ill. 145; *Chicago Title and Trust Co.* v. *National Storage Co. supra; Doolittle* v. *Don Maus,* 34 Ill. 457.) It is therefore available to the grantees of Chamblin. The result of the litigation in Nevada precluded any further attack upon the validity of the divorce and the question of whether or not there was any consideration for the subsequent conveyances is of no concern to complainant. Hilliard was but an intermediary. The conveyance to Lossie Reynolds was in consideration of her agreement to marry Chamblin. They were afterwards married. The contract having been executed by both parties, the statute of frauds has no application.

Complainant argues that the default of Chamblin in this case should prevent the other defendants from showing the validity of the Nevada decree for divorce, and that their defense should have been limited to the question of

the alleged fraudulent transfer. The issue on the validity of the Nevada divorce involved the complainant's claim of inchoate right of dower and the answering defendants had an interest in the determination of that question.

The default of one defendant is not an admission by the others, and does not relieve the complainant from the necessity of establishing his case against those who appear and plead. One defendant cannot admit a cause of action against his co-defendants who defend against it. (*Glos* v. *Swanson*, 227 Ill. 179.) If the complainant must prove the issues as to the answering defendants, it follows that such defendants may meet and overcome, if they can, the evidence of the complainant. A judgment or decree against one defendant for want of a plea or answer does not prevent any other defendant from contesting, so far as respects himself, the very fact which is admitted by the other party.

The decree of the circuit court dismissing the amended bill for want of equity is affirmed. *Decree affirmed.*