COLONIAL PENN INSURANCE COMPANY, Plaintiff-Appellant, *v.*
MITSURO TACHIBANA, Defendant-Appellee.

First District (3rd Division) No. 76-1111

Opinion filed October 12, 1977.

William M. Doty, Jr., of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The Colonial Penn Insurance Company (Colonial) instituted this action as subrogee of Jacob Rosenthal. Colonial sought to recover damages from defendant, Mitsuro Tachibana, on account of property damage resulting to Rosenthal's automobile in a collision with defendant's automobile. Defendant was personally served with summons but failed to appear or plead, and Colonial appeals from a judgment entered for defendant after the trial court held that Colonial failed to prove negligence as alleged in the complaint.

■■ Defendant has filed neither an appearance nor a brief as appellee

in this case. The record is short and the issues presented are not complex. We will therefore dispose of the case on its merits. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The unverified complaint in subrogation was filed on June 17, 1975, alleging that Rosenthal and defendant were involved in an automobile accident in August 1974. Plaintiff alleged freedom from contributory negligence, and further alleged negligence on defendant's part in several respects. The record discloses that defendant was personally served with summons in the case on June 25, 1975, and that he was also thereafter served by certified mail on or about July 30, 1975, with notice that a judgment would be sought in the case one week later. The notice indicated that defendant might appear "if you see fit."

When the matter eventually came on for trial on July 1, 1976, only counsel for Colonial appeared. He informed the court that defendant had neither appeared in the case nor filed any responsive pleading. It was brought out through a witness for Colonial that Jacob Rosenthal was deceased at the time of trial. This witness also identified a proof of loss statement, which was admitted into evidence, which depicted the amount paid by Colonial on Rosenthal's behalf due to the automobile accident.

At the close of Colonial's case, counsel argued that defendant's failure to appear or plead in the matter constituted an admission of all allegations of the complaint except those relating to damages; that the issue of damages was proven by the evidence adduced at trial; and that judgment should be entered for Colonial against defendant as requested. Counsel stated that it was unable to present evidence as to liability since there had been only two eyewitnesses to the automobile accident—Rosenthal, who was deceased, and the defendant, who refused to appear in the case to give an account of the mishap.

The trial court disagreed with counsel, stating that the subrogee stands in the position of the subrogor in such cases. The court concluded that a deviation from the requirement of testimony and proof of negligence would invite fraud in such cases, and entered judgment for defendant.

Colonial contends that it was entitled to judgment upon proof only of damages, since defendant's failure to appear constituted a default which admitted all "traversable allegations" of the complaint. It also contends that the trial court abused its discretion in requiring proof of negligence where Colonial demonstrated that production of witnesses in that regard was an impossibility.

■■ As Colonial argues, it is settled that the well-pleaded allegations of a complaint are considered admitted by a defendant's default for failure to plead to the complaint. (*Walgreen Co. v. American National Bank &*

*Trust Co.* (1972), 4 Ill. App. 3d 549, 557, 281 N.E.2d 462.) Nonetheless, the trial court has the discretion to require proof of the allegations contained in the complaint. (*Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529; Ill. Rev. Stat. 1975, ch. 110, par. 50(4).) Moreover, it is a fundamental principle of Illinois law that default judgments are not favored and should be employed only as a last resort. *Jones v. Sullivan* (1976), 34 Ill. App. 3d 786, 789, 340 N.E.2d 323.

■■ Colonial says that the trial court abused its discretion in refusing to enter a default judgment in its favor since the court was aware that one of the two eyewitnesses to the accident was deceased and the other, the defendant, refused to appear at trial to offer evidence in the case. But Colonial does not state that it in any manner attempted to comply with Supreme Court Rule 237(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 237(b)) to require the defendant to appear as a witness. If defendant continued to refuse to appear as a witness after such notification, Colonial had other remedies available to it, which were also apparently not pursued. (See, *e.g.*, Ill. Rev. Stat. 1975, ch. 110A, pars. 219(c) and 231.) The trial court, in the exercise of its sound discretion, required the introduction of evidence in order to protect against the possibility of fraud. Colonial was not prepared to meet its burden in that regard, nor did it show it had sufficiently attempted to obtain that proof. Colonial cannot now be heard to complain.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and McNAMARA, J., concur.