FIFTH DIVISION

                                                        June 13, 2003         

No. 1-01-3642

AMERICAN COUNTRY INSURANCE COMPANY,

Counterplaintiff-Appellee,

     v.

THOMAS WILLIAMS and YELLOW CAB COMPANY,

Counterdefendants

(Herman Davila, 

Counterdefendant-Appellant).

))))) ))))

))

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

John K. Madden,

Judge Presiding.

   
MODIFIED UPON REHEARING

JUSTICE QUINN delivered the opinion of the court:

In the underlying action in this case, plaintiff, a police officer pedestrian, was struck by a taxicab.  The driver was convicted of misdemeanor battery as a result of that occurrence.  Plaintiff filed  suit against the taxicab driver and the taxicab company, alleging negligence.  The insurer of both the driver and the cab company undertook the defense of the personal injury case.

While the tort action was pending, the driver-insured filed suit seeking a declaration that the insurer was obligated to provide him with independent counsel because of a conflict of interest.  Plaintiff from the underlying suit was granted leave to intervene.  The insurer filed a counterclaim naming plaintiff, the driver and Yellow Cab, seeking a declaration that it had no duty to defend the driver.  On cross-motions for summary judgment, the trial court granted the insurer's motion for summary judgment.  The plaintiff in the underlying suit filed a motion to reconsider which was denied.  Plaintiff in the underlying suit now appeals.  The insured driver has not appealed.

For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

I.  BACKGROUND

On October 31, 1996, Herman Davila, an Illinois State Police officer, was on duty outside the Thompson Center in Chicago.  Thomas Williams, was driving a taxicab east on Lake Street adjacent to the Thompson Center.  While another police officer was directing traffic on Lake Street, Davila observed Williams repeatedly blowing his car horn.  Davila approached Williams' cab, opened the door and leaned inside the cab.  While Davila was leaning inside the cab, Williams began driving, forcing Davila to run alongside the cab for 15 feet.  Davila suffered injuries.

Williams was charged with misdemeanor battery as a result of his actions on October 31, 1996.  Transcripts provided in the record on appeal establish that on October 9, 1997, following a jury trial, Williams was convicted of battery and sentenced to community service and probation.  

On May 12, 1998, Davila filed a civil complaint naming Williams and Yellow Cab Company (Yellow Cab) as defendants.  Both Yellow Cab and Williams were insured by American Country Insurance Company (American).  At the time of the occurrence, American and Yellow Cab were both subsidiaries of a company known as Great Dane Holdings.  The complaint alleged that Williams was the agent and servant of Yellow Cab and was operating a taxicab owned by Yellow Cab.  The complaint alleged that Williams and Yellow Cab were negligent in failing to yield to Davila, in driving recklessly, in failing to keep a proper lookout and in operating a vehicle with defective brakes and steering.  American undertook the defense in this case, retaining Johnson & Bell to represent Williams and Jesmer & Harris to represent Yellow Cab.  Prior to retaining counsel, American notified Williams by mail that it was "handling this matter under a complete reservation of rights under the terms and conditions of your policy."  The letter informed Williams that an investigation revealed that Williams was cited with criminal battery and that his policy provided an exclusion for intentional injury.  In his answer to Davila's complaint, Williams' attorney denied that Williams was an agent of Yellow Cab.

In an affidavit, Williams averred that the defense provided by American was inadequate and represented a conflict of interest.  Williams averred that on July 21, 1999, he complained about the inadequacy to American and requested appointment of alternative counsel.  Williams averred that Johnson & Bell failed to conduct discovery to assist in his defense.  Williams averred that American denied this request.

On October 1, 1999, Williams filed the instant declaratory action against American.  In count I of the complaint, Williams alleged that American failed to warn Williams of an actual or potential conflict of interest in defending the underlying action.  Williams further alleged that there was a conflict of interest in that proof of intentional conduct on the part of Williams would shift responsibility from American to Williams.  In count II, Williams alleged that American breached its duty to defend by failing to provide him with access to the East Bank Health Club, in order to locate a potential witness.  Williams also listed numerous acts and omissions that constituted breaches of American's duty to defend.  Williams sought a court order requiring American to provide Williams independent counsel and access to the East Bank Health Club.  

On November 1, 1999, American filed a motion to dismiss Williams' declaratory judgment complaint.  American alleged that Williams had not pled the type of conflict of interest that would require American to give up the right to control Williams' defense.  Namely, American alleged that the intentional acts exclusion of the insurance policy could not give rise to a conflict of interest where the underlying case sounded in negligence.  American further alleged that it owed no duty to give Williams access to the East Bank Health Club.  The trial court denied American's motion to dismiss with respect to count I, and granted the motion with respect to count II.  The dismissal of count II has not been raised on appeal.

On December 13, 1999, Davila was granted leave to intervene in Williams' declaratory action.  The parties then filed cross-motions for summary judgment.  Williams alleged that his battery conviction created a coverage defense, therefore presenting a conflict of interest.  American's motion maintained that Illinois law has recognized that a conflict of interest arises out of the intentional acts exclusion of an insurance policy only where the underlying complaint alleges both negligence and battery and where punitive damages were sought.  Following argument on the motions, the trial court entered an order stating that, in light of the recent decision in 
American Family Mutual Insurance Co. v. Savickas
, 193 Ill. 2d 378 (2000), it could not address the cross-motions until a duty to defend had been determined.  The court invited briefs in support of or in opposition to the applicability of 
Savickas
 to the case at bar.

American subsequently filed a counterclaim alleging that Williams' battery conviction established that his conduct was intentional and that he was excluded from coverage under the intentional acts exclusion of his policy.  The policy provided:

"B.  EXCLUSIONS

1.  EXPECTED OR INTENDED INJURY

'Bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured.' "

Williams responded that American was estopped from denying coverage by reason of prejudice to Williams caused by American directly defending the underlying suit.  American then filed a second motion for summary judgment based on its counterclaim.  American also filed a motion to dismiss the declaratory action claiming that it was moot where American had agreed, by letter dated January 25, 2001, to relinquish control of the underlying suit under certain conditions.

On June 29, 2001, the trial court granted American's motion for summary judgment as to the counterclaim and its motion to dismiss.  The court relied upon the holding in 
Savickas
.  In 
Savickas
, the supreme court held a murder conviction collaterally estopped an insured from later contesting the applicability of the intentional acts exclusion of his policy.  As all the elements for collateral estoppel had been met, the trial court held that Williams was estopped from denying his conduct was intentional because of his criminal conviction.  Applying the holding in 
Savickas
 to the facts of this case, the trial court held that American had no duty to defend or indemnify Williams.

On July 21, 2001, Davila filed a motion to reconsider.  Williams did not file a motion to reconsider.  The trial court denied Davila's motion.  Davila now appeals that ruling.

We also note that on June 21, 2000, Yellow Cab filed a motion for summary judgment in the underlying suit contending that Williams was not Yellow Cab's agent at the time of the occurrence.  The trial court in that case granted Yellow Cab's motion.  Davila appealed that ruling to this court.  In an opinion, this court reversed the ruling of the trial court and remanded the case.  
Davila v. Yellow Cab Co.
, 333 Ill. App. 3d 592 (2002)(
Davila I
).  In 
Davila I
, we held that the dispositive issue was not whether Williams acted intentionally but whether his intentional, negligent or criminal acts were performed within the scope of employment.  
Davila I
, 333 Ill. App. 3d at 600.  Therefore, because material questions of fact existed as to whether Williams was an employee or agent of Yellow Cab, the summary judgment ruling on the issue of agency was erroneous. 

II.  ANALYSIS

Davila argues that the trial court erred in granting summary judgment to American.  Specifically, Davila maintains that the trial court erred in failing to address whether American was estopped from asserting its coverage defenses 
where American participated in the defense of the underlying suit when it had a conflict of interest with Williams.  Davila also maintains that although the three threshold requirements for application of the collateral estoppel doctrine under 
Savickas
 are present in this case, the trial court erred in applying 
Savickas
 to these particular facts.

Our review of the trial court's grant of summary judgment is 
de novo
. 
Natale v. Gottlieb Memorial Hospital
, 314 Ill. App. 3d 885, 888 (2000). Summary judgment is properly granted " 'where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.' "  
Natale
, 314 Ill. App. 3d at 888, quoting 
Busch v. Graphic Color Corp
., 169 Ill. 2d 325, 333 (1996).  The function of a reviewing court on appeal from a grant of summary judgment is limited to determining whether the trial court correctly concluded that no genuine issue of material fact was raised and, if none was raised, whether judgment as a matter of law was correctly entered. 
Malanowski v. Jabamoni
, 293 Ill. App. 3d 720, 724 (1997).  

First, we note that American has advanced an argument that Davila does not have standing in this case.  American, relying on 
Western Casualty & Surety Co. v. Brochu
, 105 Ill. 2d 486 (1985), argues that Davila's only basis to estop American from asserting the intentional acts exclusion to the policy is rooted in conflicts arising from American's representation of Williams, Davila is not a party to that conflict and, therefore, Davila lacks standing.  We disagree.

In 
Brochu
, an insurer brought an action seeking a judicial declaration that the general comprehensive liability policy which it issued to a home builder did not apply to a property damage claim brought against the builder by home purchasers.  The trial court granted summary judgment against the insurer.  Our supreme court affirmed.  In refusing to address the home purchasers' contention that the insurer's reservation of rights letter gave rise to a conflict of interest the court stated
:

"The issue is raised in this court for the first time by the Brochus.  Certainly, even if the issue were properly preserved, the Brochus are not the proper party to contest Sullivan's actions, as no attorney-client relationship existed between them.  Rather, Sullivan represented Mark III, the Brochus' adversary, in the underlying action."  
Brochu
, 105 Ill. 2d at 501.

American points to this language as support for its argument.

American's reliance on 
Brochu
 is unpersuasive.  First we note, as American itself concedes, that the quoted language upon which American relies is 
dicta
.  Second, the supreme court in 
Brochu
 initially found the Brochus' conflict of interest claim was waived on the separate ground that the record clearly established that the issue was never raised in the circuit court or in the appellate court.  Our case is distinguishable where the record establishes that the conflict of interest issue, one of the primary contentions on appeal, was clearly raised in the trial court below.  Furthermore, recent case law supports finding standing in this case.  In 
Dial Corp. v. Marine Office of America
, 318 Ill. App. 3d 1056 (2001), we noted:

"In 
Zurich Insurance Co. v. Baxter International, Inc.
, 173 Ill. 2d 235, 670 N.E.2d 664 (1996), and 
Flashner Medical Partnership v. Marketing Management, Inc.
, 189 Ill. App. 3d 45, 545 N.E.2d 177 (1989), the tort claimants were found to be necessary parties in a declaratory judgment action between the insured tortfeasor and the insurer.  In 
Hapag-Lloyd (America), Inc. v. Home Insurance Co.
, 312 Ill. App. 3d 1087, 1094, 729 N.E.2d 36 (2000), this court stated: 'It is Illinois public policy that underlying claimants have a substantial interest in how insurance questions are resolved.  The Illinois Supreme Court found that "this interest is best protected by having the claimants participate directly in the litigation between the insurance carrier and the insured, rather than by allowing the claimants to sue the carrier independently."' 
Hapag-Lloyd
, 312 Ill. App. 3d at 1094, quoting 
Zurich Insurance Co. v. Baxter International, Inc.
, 173 Ill. 2d at 246; see also 
Flashner Medical Partnership v. Marketing Management, Inc.
, 189 Ill. App. 3d at 53-53 (holding that tort claimants have a real and substantial interest in the outcome of the insurance coverage controversy because the coverage determination could eliminate a source of funds)."  
Dial Corp.
, 318 Ill. App. 3d at 1062. 

Therefore we find that Davila has standing in this case. 

The issue before this court is limited to the coverage action brought by Williams.  More specifically, this court must only decide whether the trial court was correct in holding that American had no duty to defend Williams in the underlying suit where he was, in a prior hearing, convicted of criminal battery.  We are not here to decide the underlying liability of Williams and Yellow Cab in this case.

In 
Davila I
, we held that the trial court erred in granting summary judgment to Yellow Cab on the issue of agency where material questions of fact existed as to whether Williams was an employee or agent of Yellow Cab.  We noted that in making its ruling, the trial court did not make any specific findings as to whether Williams was acting within the scope of his employment, but questioned whether Yellow Cab could be held liable for Williams' conduct after Williams was convicted of an intentional crime.  
Davila I
, 333 Ill. App. 3d at 599.  On appeal, we rejected the notion that the holding in
 
Savickas
 provided a basis for granting summary judgment to Yellow Cab.  We first noted that there was no evidence in the record that Williams was convicted of battery.  
Davila I
, 333 Ill. App. 3d at 599.  Further, we noted that under the doctrine of 
respondeat superior
, Yellow Cab could still be held vicariously liable for the tortious acts of Williams, whether those acts were negligent, wilful, malicious, or even criminal if such acts were committed in the course of Williams' employment and in furtherance of the business of Yellow Cab.  
Davila I
, 333 Ill. App. 3d at 600.  Therefore, the dispositive issue in determining liability was not whether the act was intentional, but whether the act was within the scope of employment.  We held that, based on the evidence in the record, this should be decided by the finder of fact at trial.  
Davila I
, 333 Ill. App. 3d at 600. 

However, in the instant case, where coverage is at issue, 
Savickas
 is directly on point.  In 
Savickas
, Michael Savickas was convicted of first degree murder.  The administrator of the victim's estate sued Savickas for wrongful death and survival.  American Family Insurance filed a declaratory judgment action to determine whether it had to defend or indemnify Savickas, contending that it should be excused from doing so where Savickas' policy contained an exclusion for intentional injury.  The trial court granted American Family summary judgment.  The appellate court reversed.  The supreme court reversed the decision of the appellate court. 

The supreme court stated that collateral estoppel is an equitable doctrine, the application of which precludes a party from relitigating an issue decided in a prior proceeding.  
Savickas
, 193 Ill. 2d at 387; citing 
Talarico v. Dunlap
, 177 Ill. 2d 185, 191 (1997).  The court continued:

"There are three threshold requirements which must be met before the doctrine may be applied.  First, the issue decided in the prior adjudication must be identical with the one presented in the suit in question.  Second, there must have been a final judgment on the merits in the prior adjudication.  Third, the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication."  
Savickas
, 193 Ill. 2d at 387, citing 
People v. Nance
, 189 Ill. 2d 142, 147 (2000).  

Also, the party sought to be bound must have actually litigated the issue and a decision on the issue must have been necessary to the judgment in the first litigation.  
Savickas
, 193 Ill. 2d at 387.  In addition to the threshold requirements, the supreme court instructed that collateral estoppel should not be applied unless it is clear that no unfairness will result to the party sought to be estopped.  
Savickas
, 193 Ill. 2d at 388.  The right of the plaintiff in the underlying tort action to recover from the insurer is wholly derivative of the insured's right to indemnity and the plaintiff can have no greater rights against the insurer than the insured.  
Savickas
, 193 Ill. 2d at 392.  A party's incentive to litigate the issue in the prior action is also potentially relevant.  
Savickas
, 193 Ill. 2d at 388. 

The court held that Savickas could be estopped with his murder conviction.  The court initially noted that all three threshold criteria were met in the case.  In finding Savickas guilty of first degree murder, the jury necessarily found Savickas to have either intended to kill the victim, or at least to have known there was a strong probability his acts would result in death or great bodily harm.  The direct issue in the declaratory action, whether Savickas " 'intended or expected' " the result of his actions, was therefore established by the guilty finding.  
Savickas
, 193 Ill. 2d at 388.  The court also stated that it did not see any potential unfairness to Savickas where he had a full and fair opportunity to litigate all relevant issues in his criminal trial and did so.  
Savickas
, 193 Ill. 2d at 389.  Savickas had full incentive to litigate his criminal charge as well where he "was facing charges of first degree murder for the shooting death of his victim, a charge with a minimum penalty of 20 years' imprisonment and a potential maximum penalty of 60 years' imprisonment even in the absence of any aggravating factors."  
Savickas
, 193 Ill. 2d at 389.  The court ruled that American had no duty to defend or indemnify Savickas against a judgment in the underlying case. 
Savickas
, 193 Ill. 2d at 391.  The court's ruling in 
Savickas
 overruled the portion of 
Thorton v. Paul
, 74 Ill. 2d 132 (1978), which held that a criminal conviction merely constituted 
prima facie
 evidence of the facts on which it is based.  
Savickas
, 193 Ill. 2d at 38.  

One of the issues in the instant case is whether Williams "intended or expected" to cause bodily injury to Davila.  If Williams intended to do so, his acts would be excluded from coverage under the policy.  Davila concedes in his brief that the three threshold criteria for collateral estoppel are met in this case.  Contrary to the record presented to this court in 
Davila I
, the record on appeal in this declaratory action contains the trial transcript from Williams' battery conviction.  The record shows that Williams had a full opportunity to litigate the criminal charge.  The transcript clearly shows that Williams was present at trial, he had an attorney represent him at trial, he testified at that trial, his attorney cross-examined witnesses and presented both an opening statement and a closing argument, and Williams was clearly convicted by a jury of battery.  We find Davila's claim that Williams’ lawyer did not conduct any investigation in the battery case unpersuasive where it is not supported by the record.  It is also evident that Williams had every incentive to litigate the charge.  The battery conviction was a class A misdemeanor (720 ILCS 5/12-3 (West 1996))
 and carried a possible sentence of up to one year in jail (730 ILCS 5/5-8-3(a)(1) (West 1996)).  In addition, as the trial court noted, it is persuasive that Williams himself was an attorney and therefore it can be assumed he knew the gravity of the charge and knew that he had the right to appeal if he felt the trial was unfair, but chose not to.  Also, as American aptly points out, Davila essentially created his current dilemma.  Davila decided to press charges against Williams for battery and ultimately the jury convicted Williams of the crime.

American argues that applying collateral estoppel is fair where Davila has no right to claim greater rights than Williams in contesting coverage.  The injury plaintiff's rights against an insurer are wholly derivative of the insured's contractual right to indemnity and consequently, the injury plaintiff can have no greater contractual rights against the insurer.  See 
Savickas
, 193 Ill. 2d at 392.  Therefore, as in 
Savickas
, collateral estoppel is appropriate in this case.  In convicting Williams of battery, the jury found that he "knowingly and by any means caused bodily harm to another person."  Battery is an intentional crime.  Williams is therefore estopped from further litigating whether his acts were intentional and the intentional acts exclusion of the policy applies in this case. 

In response, Davila contends that after determining that the intentional act exclusion applied, the trial court erred in failing to consider whether American should be estopped from asserting its coverage defenses, or failing to hold that American waived those coverage defenses, because it represented Williams in the underlying action when conflicts of interest were present.

The insurance policy at issue conferred a duty upon American to defend Williams in the underlying action.  It provided, in relevant part:

"We have the right and duty to defend an 'insured' against a 'suit' asking for such damages.  However, we have no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

The general rule in Illinois is that an insurer is obligated to defend an action against an insured when the complaint contains allegations which bring the claim actually or potentially within the policy.  
Konami (America), Inc. v. Hartford Insurance Co. of Illinois
, 326 Ill. App. 3d 874, 878 (2002).  The test of whether a conflict of interest exists, allowing the insured to assume control of the defense, is if, in comparing the allegations of the complaint to the terms of the policy, the insurer's interests would be furthered by providing a less than vigorous defense to the allegations.  
Illinois Masonic Medical Center v. Turegum Insurance Co.
, 168 Ill. App. 3d 158, 163 (1988).  The insurer facing a conflict of interest with its insured in the conduct of the insured's defense is not obligated or even permitted to participate in the defense.  
Murphy v. Urso
, 88 Ill. 2d 444, 454 (1981).  The exception to the general rule requiring that an insurer defend an insured only applies where an actual conflict of interest appears, if the conflict is merely potential, the general rule applies.  
Murphy
, 88 Ill. 2d at 458.

We agree with Davila that under 
Murphy v. Urso
, 88 Ill. 2d 444, a conflict of interest could exist in this case where agency issues possibly influenced American to present defenses diametrically opposed to Williams' interests.  Namely, it would be in Williams' best interest to present a defense that he was an agent of Yellow Cab, while it would be in Yellow Cab's best interest to establish the exact opposite.  American asserts that there is no conflict of interest arising out of the issue of agency where "[c]overage either existed as to both defendants, or coverage was excluded as to both defendants" under the intentional acts exclusion of the policy.

In response, Davila asserts that this argument misconstrues the insurance policy at issue.  Specifically, Davila cites the language of the intentional acts exclusion: "'Bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured.'"  Davila argues that this language allows coverage to be excluded as to one insured (Williams) and remain in effect as to the other insured (Yellow Cab).  While intentional conduct on the part of Williams would cause coverage to be excluded as to Williams, it would exclude coverage as to Yellow Cab only if Yellow Cab expected or intended the injury to Davila.  Therefore, American could be liable for Williams' intentional conduct as the insurer for Yellow Cab if Williams is Yellow Cab's agent under the doctrine of 
respondeat superior
.  In fact, in 
Davila I
 we specifically found that Yellow Cab may be liable under this theory.  
Davila
, 333 Ill. App. 3d at 600-01.

We note that Davila failed to raise this argument before the trial court.  An argument not raised in the trial court is generally considered waived for purposes of appeal.  
Nasrallah v. Davilla
, 326 Ill. App. 3d 1036, 1046 (2001).  However, as we are remanding this case, the parties may argue this point in the trial court.

American argues that even if a conflict of interest existed, summary judgment was still proper in this case where Davila failed to establish prejudice.  American relies on 
Western Casualty & Surety Co. v. Brochu
, 105 Ill. 2d 486.  In 
Brochu
, an insurer brought an action seeking a judicial declaration that a general comprehensive liability policy which it had issued to a home builder did not apply to a property damage claim brought against the builder by purchasers of the home.  The builder, Mark III, asserted that the insurance company had waived the right to deny coverage by undertaking the defense of the case while it had a conflict of interest.  The appellate court held that waiver had not been established under the facts of the case, yet it remanded the cause to the trial court, finding a factual dispute remained as to estoppel.

The supreme court affirmed the remandment, stating: 

"An insurer may be estopped from asserting a defense of noncoverage if it undertakes the defense of an action and that undertaking results in some prejudice to the insured. [Citation.] Estoppel refers to an abatement, raised by law, of rights and privileges of the insurer where it would be inequitable to permit their assertion; such relinquishment need not be voluntary, intended, or desired by the insurer, but it necessarily requires prejudicial reliance on the part of the insured. [Citation.]  Whether the insured has been prejudiced is a question of fact. [Citation.] The burden of establishing that fact rests with the insured and must be proved by clear, concise, and unequivocal evidence. [Citation.] Prejudice will not be presumed. [Citation.]."  
Brochu
, 105 Ill. 2d at 499-500.  

The court, in finding that genuine issues of material fact remained between the parties, held that the appellate court was correct in remanding the cause for a determination on the issues.  
Brochu
, 105 Ill. 2d at 500.

Although American relies on 
Brochu
 for the proposition that no prejudice was established in this case, we find that 
Brochu
 dictates that this case must be remanded to the trial court to determine whether there was a conflict of interest between American and Williams, and if so, whether Williams (and consequently Davila) was prejudiced by American's failure to retain independent counsel to represent Williams.  Here, the conflict of interest issue was clearly raised before the trial court.  In arguing that there was a conflict of interest, Williams pointed out that in his answer to plaintiff's complaint in the underlying action, the attorney retained by American to represent Williams denied that Williams was an agent of Yellow Cab, even though this would ultimately relieve Yellow Cab of liability, leaving Williams to pay any judgment.  The trial court, in ruling on the motion for summary judgment, found that the holding in 
Savickas
 made this point moot.  We disagree.

As Davila asserts, the 
Savickas
 court expressly noted that its holding was not intended to alter the insurer's obligation when faced with a potential conflict of interest.

"We reiterate that by our holding here we overrule only that portion of 
Thornton
 [
Thornton v. Paul
, 74 Ill. 2d 132 (1978)] regarding the effect of a prior conviction in a subsequent civil case.  The 
Thornton
 analysis of what constitutes fulfillment of an insurer's duty to defend when there is a conflict of interest between the insurer and the insured remains good law."  
Savickas
, 193 Ill. 2d at 387. 

Therefore, the issue of whether American's defense of this case resulted in prejudice is not moot.  We also reject American's assertion that this issue is moot where it offered to allow Williams to retain independent counsel.  This offer was not made until January 25, 2001, and the instant suit was filed on May 12, 1998.  In 
Brochu
, the supreme court held that the appellate court was correct in remanding the case for a hearing to determine whether the insured was prejudiced by the insurer's representation for a period of 11 months.  
Brochu
, 105 Ill. 2d at 499-500.  Since material questions of fact exist as to whether a conflict of interest is present here and whether Williams was prejudiced by American's representation, the trial court improperly granted summary judgment to American without deciding these issues.

Consequently, we affirm the trial court's holding that 
Savickas
 precludes Williams (and Davila) from contesting the fact that Williams' battery conviction established that his conduct in injuring Davila was intentional.  We vacate the trial court's grant of summary judgment and remand this case to the trial court to determine whether a conflict of interest is present and whether Williams was prejudiced by American's failure to pay for independent counsel to represent Williams.

Upon remand, Davila shall be allowed to assert Williams' conflict of interest claim in his effort to estop American from denying coverage.

For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings.

Affirmed in part and reversed in part; cause remanded.

CAMPBELL, P.J., and REID, J., concur.