FIRST DIVISION
September 17, 2007

Nos. 1-05-3376 and 1-05-3377, Consolidated

| | | |
|---|---|---|
| UNIVERSAL CASUALTY COMPANY, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 02 CH 18264 |
| ALEJANDRO LOPEZ; ELSA ALARCON; SUSAN | ) | |
| GOODMAN; RANDY L. FINFER; BARBARA R. | ) | |
| WEISS; MINDA H. SMITH; and ALLSTATE | ) | |
| INSURANCE COMPANY, | ) | Honorable |
| | ) | Philip L. Bronstein, |
| Defendants-Appellees. | ) | Judge Presiding. |

| | | |
|---|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | No. 03 CH 20669 |
| | ) | |
| SERGIO RUIZ; JOSE D. GONZALEZ; and BETH KIM, | ) | |
| Indiv. and as Mother and Next Friend of Andrea Kim, | ) | Honorable |
| | ) | Philip L. Bronstein, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiff insurers appeal from a trial court's denial of motions for declaratory judgments.

Plaintiffs alleged fraudulent misrepresentation in defendants' applications for automobile

insurance. Plaintiffs rescinded the insureds' policies and returned their premiums after drivers who

were not disclosed as household members on the insureds' applications for insurance were in accidents while driving cars owned by the insureds.

The other defendants in these cases are the drivers and passengers in other cars who were injured in the accidents (third-party defendants).

These actions were filed in separate complaints and considered at separate bench trials. We have consolidated these cases and now affirm the judgments of the circuit court.

The facts are slightly different in each case, but the legal issue is the same: whether the insureds had made material misrepresentations on their applications for insurance, voiding coverage. Universal Casualty Company alleged in its complaint that Alejandro Lopez, its insured, and Elsa Alarcon lived in the City of North Chicago. It alleged that at the time of the accident Alarcon was driving a car owned by Lopez. It alleged that Lopez applied for insurance on November 26, 2001, while Alarcon lived in his household. Universal claimed that although Lopez was obligated to name and identify all drivers in his household, he failed to disclose Alarcon. Universal alleged Lopez's "fraudulent misrepresentation" voided the insurance policy. Universal claimed that had it known Alarcon lived with Lopez, it would not have issued the policy.

Neither Lopez nor Alarcon answered the complaint. The trial court entered an order of default against them on May 11, 2004. But the third-party defendants did appear and answer. They denied knowledge and information sufficient to form a belief as to Universal's claims of misrepresentation. In response to interrogatories, Universal disclosed a police report from the accident that listed Alarcon's address as Lopez's address. Universal also disclosed a summons in the underlying tort suit addressed to Alarcon at Lopez's address.

2

At a bench trial on May 16, 2005, Universal introduced documents, including the 2004 judgment of default against Lopez and Alarcon. Universal moved for a directed verdict, arguing that Lopez and Alaracon had admitted the allegations in the complaint by defaulting. The trial court denied the motion, pending completion of the trial.

Universal called Ronald Clark, its claims supervisor, as a witness. Clark testified that although Alarcon was not listed as an operator on Lopez's policy, he believed Alarcon lived at Lopez's address. On cross-examination, Clark admitted he never spoke with Lopez or Alarcon. He said he did not believe there were attempts to reach Lopez and Alarcon by telephone. He admitted that Alarcon's address on the police report of the collision would not establish that she was a driver in the Lopez household at the time of the application. Clark admitted he had no knowledge of whether Alarcon was a driver of Lopez's car before the accident, either as a household member or a permissive driver. Clark said Universal's only evidence of Alarcon's address was the police report.

The trial court entered a written opinion and order, ruling in Universal's favor. The court found that Clark's testimony "revealed that Clark did not have personal knowledge of Alarcon's residency at the time Universal contracted with Lopez." The trial court concluded that although Clark's testimony was "weak," it showed that Universal's decision to contract with Lopez would have been different had it known that Alarcon lived with Lopez. The trial court noted that the third-party defendants "offered no evidence to rebut Clark's testimony."

The third-party defendants filed a posttrial motion to reconsider, arguing that Universal had presented no evidence of a material misrepresentation, but had relied entirely on the default

3

judgment against Lopez. The trial court granted the third-party defendants' motion to reconsider, vacated its earlier judgment and found that Universal had the duty to defend and indemnify Lopez and Alaracon.

American Service Insurance Company made essentially the same claims as Universal against its insured, Sergio Ruiz, and Jose Gonzalez. It alleged that Ruiz and Gonzalez were both residents of Palatine and that a car owned by Ruiz and driven by Gonzalez was involved in an accident on September 27, 2003. It alleged Ruiz violated the terms of his policy by failing to disclose Gonzalez as a driver when he applied for the insurance.

Ruiz and Gonzalez did not answer the complaint. The trial court entered a judgment of default against them on February 19, 2004. The third-party defendants, the Kims, answered the complaint.

Before trial, the court allowed the Kims to file an affidavit under section 2-610(b) of the Code of Civil Procedure (735 ILCS 5/2-610(b) (West 2002)) to support their claims of insufficient knowledge to admit or deny American's allegations. The Kims also filed a motion for summary judgment (735 ILCS 5/2-1005 (West 2002)). They attached affidavits of the defaulted Ruiz, Ruiz's wife, Gonzalez and Margarita Abame, a Ruiz family friend. The affidavits averred that Gonzelez did not live with Ruiz on the date of the application and that Gonzalez did not move into Ruiz's residence until after the application was made. The affiants stated that the only time Gonzalez drove Ruiz's car was on the date of the accident. The trial court denied the motion for summary judgment. American also filed a motion for summary judgment that the court denied.

4

The only witness to testify at trial was Donald Santo, American's claims adjustor. He testified that American conducted an investigation after the accident. An accident report signed by Ruiz gave Gonzalez's address as 1804 Green Lane, Palatine, Illinois—the same address given by Ruiz on his insurance application. On cross-examination, Santo admitted that the accident report established Gonzalez's address only at the time of the accident, not at the time of Ruiz's application for insurance.

The third-party defendants then called Santo again as an adverse witness. Santo said an "undisclosed driver evaluation" was prepared by American's underwriters. He said an underwriter thought something was wrong while investigating the accident and made a phone call after which the underwriter concluded that Gonzalez moved into the Ruiz household on July 12, 2003, four days before Ruiz applied for insurance. Santo admitted that the underwriters' evaluation showed the date of the accident as the "only time" Gonzalez drove Ruiz's car.

The trial court entered a written opinion and order, finding that Santo's testimony on cross-examination established that he did not have personal knowledge that Gonzalez lived with Ruiz at the time of contract formation. The trial court noted that the third-party defendants did not, through cross-examination of Santo or other means, present evidence refuting the alleged misrepresentation by Lopez. Even so, the court concluded that American had not met its burden of proof of misrepresentation:

> "While the defendants' defaults serve as evidence, the admissions extend only so far as the allegation[s] in the complaint are well pleaded. [Citation.] ***
> Conclusions of fact are not well pleaded facts. [Citation.]

Nowhere does American's complaint allege that Gonzalez lived with Ruiz at the time Ruiz executed his contract of insurance with American. The complaint alleges *** that both lived in Palatine, Illinois, but does not provide addresses. [The complaint] alleges that '[h]ad [American] known that GONZALEZ was a resident of the RUIZ household at all relevant times' it would not have entered the contract. In addition, [the complaint] alleges that '[u]pon learning that GONZALEZ was an undisclosed resident of the RUIZ household at all relevant times' it would have rescinded the contract and returned payment. These are the allegations admitted by way of the defendant's default. These admissions are not, however, sufficient to carry American's burden.

Because the claimants have met their burden in establishing coverage, and American failed to meet its burden of establishing by a preponderance of the evidence that Ruiz misrepresented at the time of contract formation the identity of all resident drivers then living in his home. American's defense, then, fails and it must live up to its financial obligations under that agreement."

American filed and the trial court denied a motion to reconsider.

The parties disagree on the standard of review. Plaintiffs argue that where, as here, no evidence is presented that contradicts the documentary evidence, the propriety of the trial court's ruling is purely a question of law to be reviewed *de novo*, citing In re the Estate of Green, 359 Ill. App. 3d 730, 733, 835 N.E.2d 403 (2005). The third-party defendants argue that a trial court's decision to grant or deny a motion for declaratory judgment rests within the sound discretion of

6

the trial court and will not be reversed absent an abuse of discretion, citing <u>Muhammad v. Muhammad-Rahmah</u>, 363 Ill. App. 3d 407, 414, 844 N.E.2d 48 (2006).

In general, a trial court has discretion in deciding motions for declaratory relief. <u>Goodyear Tire & Rubber Co. v. Tierney</u>, 411 Ill. 421, 430, 104 N.E.2d 222 (1952). But where the evidence adduced at trial included oral testimony as well as documentary evidence, a reviewing court is presented with a mixed question of law and fact. <u>Northern Illinois Medical Center v. Home State Bank of Crystal Lake</u>, 136 Ill. App. 3d 129, 142, 482 N.E.2d 1085 (1985). The reviewing court is to defer to the trial court's findings of fact but conduct an independent analysis of questions of law. <u>Northern Illinois Medical Center</u>, 136 Ill. App. 3d at 142.

Plaintiffs argue that the defaults and resulting admissions of the insureds constituted *prima facie* evidence that misrepresentations were made on the applications. Plaintiffs argue that by establishing a *prima facie* case, the burden of proof shifted to the nondefaulting third-party defendants, who then failed to offer evidence contesting the alleged misrepresentations. They argue that because the third-party defendants did not come forward with evidence, the trial court was compelled as a matter of law to enter judgment in plaintiffs' favor. Plaintiffs rely on <u>Anderson v. Department of Public Property</u>, 140 Ill. App. 3d 772, 778, 489 N.E.2d 12 (1986), for the general proposition that when the burdened party presents an unanswered *prima facie* case, the trier of fact must rule for the burdened party as a matter of law.

In an action for a declaratory judgment, the burden of proof rests with the party seeking relief. <u>Farmers Automobile Insurance Ass'n v. Gitelson</u>, 344 Ill. App. 3d 888, 896, 801 N.E.2d 1064 (2003). It is the insurer's burden to establish that a claim is controlled by a provision that

limits or excludes coverage. <u>Farmers</u>, 344 Ill. App. 3d at 896. Only after the insurer has met its burden of proof does the burden shift to the insured, who must show that the claim falls within a policy's coverage. <u>Farmers</u>, 344 Ill. App. 3d at 896.

In general, the allegations in a complaint, if well pled, are considered admitted against a defendant who defaults. <u>Colonial Penn Insurance Co. v. Tachibana</u>, 53 Ill. App. 3d 981, 982, 369 N.E.2d 177 (1977). Accord <u>Eckel v. Bynum</u>, 240 Ill. App. 3d 867, 873-74, 608 N.E.2d 167 (1992). "The only effect of a default for failure to plead is that well-pleaded allegations of the complaint are deemed admitted *against the party in default*." (Emphasis added.) <u>Walgreen Co. v. American National Bank & Trust Co. of Chicago</u>, 4 Ill. App. 3d 549, 557, 281 N.E.2d 462 (1972). A trial court has discretion to require proof of the allegations in the complaint. <u>Colonial Penn</u>, 53 Ill. App. 3d at 982. Where an insurer is not prepared to meet its burden of proof or show that it sufficiently attempted to obtain proof, a court may properly refuse to enter a default judgment in the insurer's favor. <u>Colonial Penn</u>, 53 Ill. App. 3d at 982-83.

Here, plaintiff insurers do not dispute that the initial burden of proof was theirs. But they argue that the evidence of the default judgments, when presented at trial, met their burden of proof against the defaulting defendants. We disagree. To establish material misrepresentation and void the policies, plaintiffs had to allege that the drivers lived with the insureds when the applications for insurance were executed. Plaintiffs' complaints alleged that the drivers were driving cars owned by the insureds and that the insureds and drivers, at some point in time, had the same address. But the complaints did not allege that the drivers lived with the insureds when the insurance applications were executed. Without this specific allegation and facts to support it,

8

a judgment against a defaulting defendant cannot be sustained. 10-Dix Building Corp. v. McDannel, 134 Ill. App. 3d 664, 674, 480 N.E.2d 1212 (1985); Colonial Penn, 53 Ill. App. 3d at 982.

Plaintiffs argue that the holdings in Colonial Penn and 10-Dix Building Corp. cannot control here because in those cases, no default judgment was entered *before* trial. Plaintiffs argue it was improper for the trial court to require proof of their claims at trial when the default judgment was entered a year earlier. They contend that the proper time for the court to require proof was when the default judgment was entered. In Colonial Penn, 53 Ill. App. 3d at 982, the default judgment was entered at the same time as the trial; in 10-Dix Building Corp., 134 Ill. App. 3d at 673, the default judgment was entered at a proceeding designated as the prove up. Plaintiffs claim the differences between those cases and this case are significant because the order of default, when presented as evidence at the trial, had the same effect as if the drivers and insureds had testified and admitted the allegations in the complaint.

We find nothing in Colonial Penn or 10-Dix Building Corp. to support plaintiffs' argument that the entry of a default judgment before a trial or prove up relieves them of proving their allegations. Plaintiffs have not cited authority to support their position or to distinguish Colonial Penn and 10-Dix Building Corp. on the basis of *when* in the litigation process a default judgment is entered. Arguments presented without citation to authority are waived. See 210 Ill. 2d R. 341(h)(7).

Plaintiffs next argue that the defaults of the insureds must be attributed to the third-party defendants because they "stand in the shoes" of the insureds. Plaintiffs cite American Country

9

Insurance Co. v. Williams, 339 Ill. App. 3d 835, 844, 791 N.E.2d 1268 (2003), and Government Employees Insurance Co. v. Dennis, 90 Ill. App. 2d 356, 360-61, 232 N.E.2d 750 (1967), to establish that the rights of an injured third party are derivative of the rights of the insured. Plaintiffs contend that under these cases, an injured third party cannot receive benefits from a policy that was rescinded because of the actions of the insured.

In general, a default is regarded as an admission of the material facts stated in the complaint. People v. $1,124,905 U.S. Currency, 177 Ill. 2d 314, 334, 685 N.E.2d 1370 (1997). A default does not admit the *conclusions* in the complaint. $1,124,905 U.S. Currency, 177 Ill. 2d at 334. But where, as here, some defendants default and others answer, "[a] default judgment entered against one set of defendants may not be used as an admission of a disputed evidentiary matter by the nondefaulting defendants." Heman v. Jefferson, 136 Ill. App. 3d 745, 746, 483 N.E.2d 537 (1985). The court in Heman cited a line of authority: Kothe v. Jefferson, 97 Ill. 2d 544, 554, 455 N.E.2d 73 (1983) (the default of certain parties does not cancel the requirement that a plaintiff establish his case against those who plead); Chamblin v. Chamblin, 362 Ill. 588, 593, 1 N.E.2d 73 (1936) ("The default of one defendant is not an admission by the others, and does not relieve the complainant from the necessity of establishing his case against those who appear and plead"); Glos v. Swanson, 227 Ill. 179, 182, 81 N.E. 386 (1907) ("[o]ne defendant cannot admit a cause of action for his co-defendant who defends against it"). Heman, 136 Ill. App. 3d at 752.

Chamblin is an old but unchallenged case in Illinois on the effects of a default by fewer than all defendants. Both plaintiffs and defendants here claim that Chamblin supports their

position.  Plaintiffs focus on this statement: "[Answering] defendants may meet and overcome, if they can, the evidence of the complainant."  Chamblin, 362 Ill. at 593.  Defendants rely on this statement: "The default of one defendant is not an admission by the others, and does not relieve the complainant from the necessity of establishing his case against those who appear and plead."  Chamblin, 362 Ill. at 593.

We conclude that the facts in Chamblin are sufficiently different from the facts here to render a direct analogy with Chamblin inappropriate.  In Chamblin, the main issue was whether the nondefaulting defendants should be allowed to present evidence to contradict a fact admitted by one defendant's default.  Chamblin, 362 Ill. at 592-93.  That was not the issue here.  Both sets of nondefaulting third-party defendants pled lack of knowledge to admit or deny plaintiffs' allegations.  The Kims, nondefaulting third-party defendants, were allowed to present affidavits to contradict the very fact admitted by default—that Gonzalez did not live with Ruiz at the time of the application.  Chamblin does differ factually from this case, but its legal principles remain viable:

"The default of one defendant is not an admission by the others, and does not relieve the complainant from the necessity of establishing his case against those who appear and plead.  One defendant cannot admit a cause of action against his co-defendants who defend against it.  (Glos[, 227 Ill. at 182].)  If the complainant must prove the issues as to the answering defendants, it follows that such defendants may meet and overcome, if they can, the evidence of the complainant.  A judgment or decree against one defendant for want of a plea or answer does not

11

prevent any other defendant from contesting, so far as respects himself, the very fact which is admitted by the other party." <u>Chamblin</u>, 362 Ill. at 593.

Under <u>Chamblin</u> and its progeny, an admission attributable to defaulting defendants could not be attributed to the nondefaulting defendants. Even if we take the insureds' defaults to be admissions of fraudulent misrepresentation, we cannot attribute their admission to the nondefaulting third-party defendants. <u>Chamblin</u>, 362 Ill. at 593.

Even if we adopted plaintiffs' argument that the allegations in their complaints bind the defaulting defendants, the trial court's judgment could stand. The trial court in its exercise of discretion required evidence beyond the judgment of default. See <u>Colonial Penn</u>, 53 Ill. App. 3d at 982. The trial court concluded that neither Clark nor Santo gave convincing testimony that plaintiffs made a good-faith attempt to determine where the drivers lived when the insureds executed their applications.

We conclude that the trial court did not abuse its discretion in finding that plaintiffs failed to meet their burdens of proof in establishing misrepresentations by the insureds and that the third-party defendants are entitled to benefits under the policy as a matter of law. See <u>Reagor v. Travelers Insurance Co.</u>, 92 Ill. App. 3d 99, 103, 415 N.E.2d 512 (1980) ("As a beneficiary of a liability insurance policy, an injured person has rights under the policy which vest at the time of the occurrence giving rise to his injuries").

The judgments of the circuit court are affirmed.

Affirmed.

McBRIDE and GARCIA, JJ., concurring.