GARY M. KOPIER, SR., Special Adm'r of the Estate of Gary M. Kopier, Jr., Deceased, Plaintiff-Appellant, v. MARK E. HARLOW *et al.*, Defendants (American Family Insurance Group, Intervening Plaintiff-Appellee, Defendants).

Second District   No. 2—96—1395

Opinion filed July 31, 1997.

Scott B. Gibson and Richard S. Kopsick, both of Law Offices of Scott B. Gibson, Ltd., of Waukegan, for appellant.

Gary W. Klages, Nancy G. Lischer, Kristine M. Sorenson, and Bruce L. Carmen, all of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Gary M. Kopier, Sr., administrator of the estate of Gary M. Kopier, Jr. (decedent), appeals a judgment declaring defendants' (Mark E. Harlow's, Ronald Harlow's, and Sandra Harlow's) rights under three automobile insurance policies issued by intervening plaintiff American Family Insurance Group (American Family). The trial court ruled that the applicable liability limits were those in the policy on the car that was involved in the accident, not those for another car that defendants own. Plaintiff appeals, arguing that the highest liability limit among the policies should apply. We affirm.

Decedent was killed in an automobile accident when the car he

was driving was struck by a vehicle being driven by defendant Mark Harlow. Harlow was covered under three liability policies that American Family issued to his parents. At the time of the accident, Harlow was driving a 1987 Chevrolet Blazer that had bodily injury liability limits of $25,000 for each person and $50,000 for each occurrence. Harlow's parents had two other vehicles insured under separate American Family policies, a 1995 Chevrolet Blazer with bodily injury liability limits of $100,000 per person and $300,000 per occurrence, and a 1988 Chevrolet Beretta with $25,000 and $50,000 limits.

The parties agreed to settle for the policy limits, but disagreed over which limit applied. The parties agreed that American Family would pay the undisputed $25,000 and then file a declaratory judgment action. The trial court approved the settlement.

American Family then filed its complaint for declaratory judgment, seeking a determination by the trial court that the maximum coverage owed was the $25,000 policy limit on the vehicle involved in the accident. Plaintiff and American Family both moved for summary judgment. Following a hearing, the court granted American Family's motion. The court ruled that the relevant policy terms were unambiguous and that plaintiff had cited no authority for the proposition that liability coverage inures to the insured rather than to the covered vehicle.

On appeal, plaintiff argues that the court erred in finding that Harlow could not access the $100,000 liability policy limit of the 1995 Chevrolet Blazer.

■ When the parties file cross-motions for summary judgment, they invite the court to decide the issues presented as a question of law. *Giannetti v. Angiuli*, 263 Ill. App. 3d 305, 312 (1994). Further, the construction of an insurance policy is a question of law that this court determines *de novo*, with the purpose of ascertaining and effectuating the intention of the parties. *Vanek v. Illinois Farmers Insurance Co.*, 268 Ill. App. 3d 731, 735 (1994). In determining if a policy provision is ambiguous, we consider the policy in its entirety. *Shefner v. Illinois Farmers Insurance Co.*, 243 Ill. App. 3d 683, 686 (1993). Where policy language is unambiguous, we must discern the parties' intent directly from that language, without resorting to rules of construction, unless to do so would violate public policy. *Vanek*, 268 Ill. App. 3d at 735. A provision is ambiguous if it can reasonably be read to have more than one meaning. *Shefner*, 243 Ill. App. 3d at 686.

The following provisions of the policies at issue are relevant to the issue plaintiff raises. Each policy provided, *inter alia*:

"AGREEMENT

We agree with **you**, in return for **your** premium payment, to insure **you** subject to all the terms of this policy. **We** will insure **you** for the coverages and the limits of liability as shown in the declarations of this policy.

\* \* \*

**PART 1—LIABILITY COVERAGE**

\*\*\*

**We** will pay compensatory damages an **insured person** is legally liable for because of **bodily injury** and **property damage** due to the **use** of a **car** or **utility trailer**.

\* \* \*

**EXCLUSIONS**

This coverage does not apply to:

\* \* \*

9. **Bodily injury** or **property damage** arising out of the **use** of any vehicle, other than **your insured car**, which is owned by or furnished or available for regular **use** by **you** or any resident of **your** household.

\* \* \*

**PART VI—GENERAL PROVISIONS**

\* \* \*

3. **Two or More Cars Insured**. The total limit of **our** liability under all policies issued to **you** by **us** shall not exceed the highest limit of liability under any one policy."

In the context of uninsured and underinsured motorist coverage, we have already rejected the same argument that plaintiff raises here. See *Shefner*, 243 Ill. App. 3d 683; *Vanek*, 268 Ill. App. 3d 731. However, because those decisions involved uninsured and underinsured motorist coverage, respectively, the results were based partly on policy language that is not involved in this case.

■ Here, plaintiff focuses on the "Two or More Cars Insured" clause and argues that its plain meaning is that the insured has the right to access the highest liability limit, no matter which insured car is involved in the accident. The parties agree that the above clause is an "anti-stacking clause," which would prevent the insured from recovering under all the policies. Nevertheless, plaintiff contends that he can choose the highest limit because "liability coverage follows the named insured wherever he goes, regardless of what vehicle he is driving." Plaintiff's theory is incorrect.

"The insurer's undertaking in an automobile liability policy to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury 'arising out of the ownership, maintenance or use of the owned

automobile' is directly related to and required the involvement of one of the vehicles specifically mentioned in the policy or a replacement or temporary substitute therefor for which a specific premium was charged; coverage provided by such undertaking is automobile-based and not person-based and is insurance on the vehicle and not in the nature of a personal accident policy." 6B J. Appleman & J. Appleman, Insurance Law & Practice § 4291 (Supp. 1997).

■ For this reason, courts, whether or not they allow the stacking of uninsured motorist coverage or medical payment coverage, do not allow the stacking of liability coverage. See, *e.g., Oarr v. Government Employees Insurance Co.*, 39 Md. App. 122, 383 A.2d 1112 (1978); *Hilden v. Iowa National Mutual Insurance Co.*, 365 N.W.2d 765 (Minn. 1985); *Hendrickson v. Cumpton*, 654 S.W.2d 332 (Mo. 1983) (collecting cases); *Rando v. California State Automobile Ass'n*, 100 Nev. 310, 684 P.2d 501 (1984). Although plaintiff here does not argue that the coverages should be stacked, the rationale behind not allowing stacking of liability coverage—that liability policies insure particular cars—is contrary to plaintiff's position. Because the insurance attaches to a particular car, plaintiff is incorrect that he should be allowed to access the liability limit for another insured vehicle not involved in the accident.

Nevertheless, we must still examine the policy language because each case turns on the particular language used. If there is an ambiguity, we must resolve it against the insurer. After carefully reviewing the entire policy that provides the $100,000 liability limit for the 1995 Chevrolet Blazer, we do not find it ambiguous.

We find the most pertinent provision to be exclusion No. 9. Plaintiff argues that we cannot consider this provision because the trial court denied American Family's motion to amend its complaint to argue exclusion No. 9's applicability. We disagree. As previously stated, our review is *de novo*. Further, we must construe the policy as a whole to determine if it is ambiguous. *Shefner*, 243 Ill. App. 3d at 686. Moreover, we can affirm the trial court's decision on any basis that appears in the record. *Shramuk v. Snyder*, 278 Ill. App. 3d 745, 748 (1996).

Exclusion No. 9 is clear: the liability coverage provided by the policy does not apply to the use of any vehicle, other than the insured car, that is owned by or furnished or available for regular use by the insured or a resident of the insured's household. Clearly, the 1987 Blazer was owned by Harlow's parents and was available for the regular use by the residents of the household. Thus, Harlow could only access the higher liability limit if the 1987 Blazer could qualify as an "insured car" under the policy on the 1995 Blazer.

The policy on the 1995 Blazer defines an insured car as follows:
"**Your Insured Car** means:

a. Any **car** described in the declarations and any **private passenger car** or **utility car** you replace it with. **You** must tell **us** within 30 days of its acquisition.

b. Any additional **private passenger car** or **utility car** of which **you** acquire ownership during the policy period, provided:

1) If it is a **private passenger car, we** insure all of **your** other **private passenger cars**; or

2) If it is a **utility car, we** insure all of **your** other **private passenger cars** and **utility cars.**

**You** must tell **us** within 30 days of its acquisition that **you** want **us** to insure the additional **car.**

c. Any **utility trailer you** own.

d. Any **car** or **utility trailer** not owned by **you** being temporarily used as a substitute for any other vehicle described in this definition, because of its withdrawal from normal use due to breakdown, repair, servicing, loss, or destruction."

The only car listed in the declarations is the 1995 Blazer, and plaintiff has not argued that the 1987 Blazer was a replacement vehicle or a temporary substitute. Therefore, exclusion No. 9 in the policy on the 1995 Blazer clearly excludes coverage for the 1987 Blazer.

Plaintiff argues that exclusion No. 9 refers only to cars insured by other companies. We fail to see how plaintiff reached that conclusion; there is no such limiting provision in the exclusion. In *Mercantile Bank & Trust Co. v. Western Casualty & Surety Co.*, 415 F.2d 606 (8th Cir. 1969), the insured had a policy that covered three automobiles, one of which, a Ford Thunderbird, had only comprehensive coverage. The insured was killed in an accident while driving the Thunderbird. The court concluded that an exclusion similar to exclusion No. 9 made the liability insurance on the other two vehicles inapplicable to the Thunderbird:

"We agree with the district court's holding that under the facts here the exclusion of cars owned by the insured or his spouse from coverage under the 'Use of Other Automobiles' clause made the liability and other coverage on the Buick and Mustang inapplicable to the Thunderbird. This is a more or less standard provision of automobile liability insurance policies, its purpose being to prevent the owner of several cars from paying for liability coverage on only one car and obtaining coverage when driving his other vehicles under the 'Use of Other Automobiles' clause." *Mercantile Bank*, 415 F.2d at 609.

Although here plaintiff did pay for liability coverage on the 1987 Blazer, he only paid a premium for $25,000 per person and $50,000

for each occurrence. Just as the purpose of the exclusion is to prevent someone from paying for liability insurance on only one vehicle, it also prevents someone from paying a high premium on only one vehicle and expecting to access that coverage for other vehicles for which lower premiums were paid. See also *Dudley v. State Farm Mutual Automobile Insurance Co.*, 255 So. 2d 462 (La. App. 1971) (insured had separate policies for three cars with insurer; court interprets similar exclusion as not allowing insured to access coverages for cars not involved in accident); 7 Am. Jur. 2d *Automobile Insurance* § 238 (1980); Annotation, *Exclusion from "Drive Other Cars" Provision of Automobile Liability Insurance Policy of Other Automobile Owned, Hired, or Regularly Used by Insured or Member of His Household*, 86 A.L.R.2d 937 (1962). Accordingly, we reject plaintiff's contention that the exclusion refers to cars insured by other companies. The policy on the 1995 Blazer clearly and unambiguously excludes coverage for other vehicles owned by the insured or furnished or available for regular use by the insured or members of the insured's household.

We find that the trial court did not err in finding that the only applicable insurance policy was the one for the vehicle involved in the accident. Therefore, we affirm the summary judgment for American Family.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.