# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*West v. American Standard Insurance Co. of Wisconsin*, 2011 IL App (1st) 101274

---

| | |
|---|---|
| Appellate Court Caption | JAMES E. WEST, Plaintiff-Appellant, v. AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-1274 |
| Filed | July 26, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a vehicular collision where plaintiff settled for the limits of the policy covering the vehicle that struck him and then sought to recover his excess damages under the policy covering a second insured vehicle, the trial court properly entered summary judgment against plaintiff where the second vehicle was not involved in the accident and the policy covering the second vehicle excluded coverage for damage arising out of the use of any other vehicle. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CH-06053; the Hon. William Maki, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Carlson Law Offices, of Chicago (Keith G. Carlson, of counsel), for appellant.

Leahy, Eisenberg & Fraenkel, Ltd., of Chicago (Patti M. Deuel, of counsel), for appellee.

Panel

JUSTICE KARNEZIS delivered the judgment of the court, with opinion.

Presiding Justice Cunningham and Justice Connors concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff, James E. West, appeals from the circuit court's order in favor of defendant American Standard Insurance Company of Wisconsin, granting defendant's motion for summary judgment. On appeal, plaintiff contends the court's order was erroneous because: (1) the "two or more cars insured" provision does not apply; (2) the insurance policy's exclusion No. 9 was waived and should not apply; and (3) the insured's two policies should apply although only one vehicle was involved in the incident. For the following reasons, we affirm the judgment of the circuit court.

¶ 2    This case arose from an incident in which Preston Moore's vehicle struck and injured plaintiff West and West's friend, Linda Holland, on November 13, 1996. Preston Moore is the son of defendant's named insured, Linda Moore. Defendant insured Linda Moore's Chevy S-10 pickup truck under policy 1, and insured her Chevy Impala car under policy 2. The Chevy S-10 pickup truck was the vehicle Preston was driving when he struck West. Both policies provided liability limits of $100,000 per person and $300,000 per accident. West filed suit against both Linda and Preston Moore alleging that Preston either intentionally or negligently caused his injuries, and that Linda negligently entrusted her vehicle to Preston. Defendant defended Linda in the suit and defended Preston under a reservation of rights, raising the intentional act exclusion.

¶ 3    Prior to trial, defendant settled with West on behalf of Linda for $100,000. Defendant also settled on Linda's behalf with West's coplaintiff Linda Holland for $100,000. Following a jury trial in 2001, West was awarded $275,733 in damages for the injuries he sustained. In 2008, West filed the instant suit. Defendant denied that any additional sums of money were owed under the truck policy, policy 1, and that the car policy, policy 2, was never implicated since the incident only involved the truck, not the car. Defendant filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2008)), which the circuit court granted. Plaintiff now appeals.

¶ 4                               ANALYSIS

¶ 5     General contract law governs the interpretation of insurance policies. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). As such, courts seek to effectuate the intention of the parties, primarily as expressed through the policy language itself. *Hobbs*, 214 Ill. 2d at 17. The policy is to be considered as a whole, wherein each provision is given effect. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004).

¶ 6     A circuit court may properly grant a motion for summary judgment where the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Smith v. Armor Plus Co.*, 248 Ill. App. 3d 831, 839 (1993). The construction of an insurance policy is a question of law that this court determines *de novo*. *Vanek v. Illinois Farmers Insurance Co.*, 268 Ill. App. 3d 731, 735 (1994).


¶ 7                    Two or More Cars Insured Provision

¶ 8     Plaintiff first contends on appeal that he can recover from both policy 1 and policy 2 because the "two or more cars insured" provision does not apply. The "two or more cars insured" provision provided in part:

>          "PART VI–GENERAL PROVISIONS
>
>                          * * *
>
>          3. Two or More Cars Insured. The total limit of our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy. When this policy insures two or more cars, the coverages apply separately to each car."

¶ 9     We find the case of *Kopier v. Harlow*, 291 Ill. App. 3d 139 (1997), instructive. In *Kopier*, the plaintiff sought to apply the policy limit from another vehicle insured by the defendant, rather than the policy limit from the vehicle that was involved in the accident. The court examined a "two or more cars insured" provision that was nearly identical to the provision in this case. The court rejected the plaintiff's contention and determined that because the insurance attached to a specific car, the plaintiff could not recover from a policy on another vehicle that was not involved in the accident. *Kopier*, 291 Ill. App. 3d at 143.

¶ 10    Here, similar to *Kopier*, plaintiff is attempting to recover from both policy 1 and policy 2 when only the truck insured by policy 1 was involved in the incident. As stated above, an insurance policy attaches to a specific car. The "two or more cars insured" provision excludes plaintiff from recovering from both policies. Plaintiff can only recover from policy 1, the truck policy.


¶ 11                        Exclusion No. 9 Provision

¶ 12    Plaintiff next contends that he can recover from the car policy, policy 2, because defendant waived the right to assert that exclusion No. 9 in policy 2 applied. Plaintiff argues that because defendant did not specifically reserve the right to deny coverage pursuant to exclusion No. 9 in its reservation of rights letters to Preston, defendant has waived the right

to deny coverage on this basis.

¶ 13 The policy provides in part:

"PART I–LIABILITY COVERAGE

EXCLUSIONS

This coverage does not apply to:

9. Bodily injury or property damage arising out of the use of any vehicle, other than your insured car, which is owned by or furnished or available for regular use by you or any resident of your household."

¶ 14 Again, we find *Kopier* instructive. In *Kopier*, the court examined an exclusion, also termed exclusion No. 9, which was nearly identical to the exclusion No. 9 provision here. The court determined that the liability coverage provided by the policy did not apply to the use of any vehicle, other than the insured car, that was owned by or furnished or available for regular use by the insured or a resident of the insured's household. Therefore, the court found that the plaintiff was excluded from recovering from a policy on a vehicle that was not involved in the accident. *Kopier*, 291 Ill. App. 3d at 143-44.

¶ 15 Similarly, here, exclusion No. 9 in policy 2 excludes plaintiff from recovering from that policy. Exclusion No. 9 precludes coverage of another vehicle that is regularly used by members of the insured's household. Therefore, the car policy, policy 2, does not apply to the incident here, which involved the truck. Further, plaintiff provides no authority for its contention that defendant had to assert exclusion No. 9 in its reservation of rights letters to Preston or else defendant would waive the exclusion. We disagree with plaintiff and find that defendant did not waive its right to assert exclusion No. 9.

¶ 16 Lastly, plaintiff contends that the car policy, policy 2, is not limited to only insuring the car but, rather, expands coverage to injuries sustained "via use of private passenger cars and utility cars," which applies to the truck involved in the incident.

¶ 17 As stated above, however, the car policy, policy 2, does not apply because the incident involved the truck, which was insured under policy 1. The above quoted provision upon which plaintiff relies does not expand the policy's coverage, as plaintiff contends. Both policy 1 and policy 2 apply only to each vehicle insured under their respective policies. Plaintiff cannot recover from the car policy, policy 2, when the truck involved in the incident was insured under policy 1.

¶ 18 Accordingly, we affirm the judgment of the circuit court.

¶ 19 Affirmed.