# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Marriage of Maurice B.H.*, 2012 IL App (1st) 121105

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF MAURICE B.H., Petitioner-Appellee, and GATANYA A.A., Respondent-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-1105 |
| Filed | October 3, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The award of partial summary judgment for petitioner on his petition seeking a modification of the judgment dissolving the parties' marriage by awarding him sole custody was reversed and the cause was remanded for further proceedings, since the order was based on facts deemed admitted by respondent pursuant to Supreme Court Rule 216, the trial judge clearly did not consider the totality of the circumstances, she believed triable issues of fact existed, and she ordered a trial to determine whether petitioner should be awarded custody. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-D-5030; the Hon. Veronica B. Mathein, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Holt Law Group, LLC, of Studio City, California (Geraldine W. Holt, of counsel), for appellant. |
| --- | --- |
| | Holman Counsel, P.C., of Wheaton (Maurice B. Holman, of counsel), for appellee. |
| | Law Offices of Vickie L. Pasley, Ltd., of Chicago (Vickie L. Pasley, of counsel), child representative. |
| Panel | JUSTICE STEELE delivered the judgment of the court, with opinion. Presiding Justice Salone and Justice Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1 Respondent, Gatanya A.A., appeals from an order of the circuit court of Cook County granting partial summary judgment and awarding sole custody of their child to petitioner, Maurice B.H. On appeal, Gatanya contends the trial court erred by: (1) relying on subjective facts admitted by her failure to respond to Maurice's request to admit facts; (2) failing to consider the current circumstances of the child; and (3) failing to wait for the child representative to complete her investigation before ruling on the motion. For the following reasons, we reverse and remand the case for further proceedings.

¶ 2                                    BACKGROUND

¶ 3 The record on appeal discloses the following facts. On March 29, 2006, the circuit court of Champaign County entered a judgment for dissolution of marriage incorporating the parties' settlement agreement. The judgment granted Gatanya sole custody of the parties' only child, M.H., who was born on January 9, 2004.

¶ 4 On May 29, 2009, Maurice filed petitions to enroll a foreign judgment, modify custody, and for specific visitation in the circuit court of Cook County. On October 26, 2009, Maurice filed an amended petition to modify custody. Maurice seeks sole custody of the parties' child. Gatanya ultimately filed an answer to the custody petition on June 24, 2010.

¶ 5 On September 24, 2009, Maurice served Gatanya with custody interrogatories and a notice to produce documents, pursuant to Illinois Supreme Court Rule 214 (eff. Jan. 1, 1996). On November 25, 2009, Maurice served Gatanya with a request to admit facts pursuant to Illinois Supreme Court Rule 216 (eff. May 30, 2008). Maurice's request to admit facts encompassed 350 items. Some of these items were specific, *e.g.*, Gatanya "has allowed the smoking of illegal drugs in the child's bedroom" and has told M.H. that she "cannot play

with other children that reside in her current residential building." Other items were more general, *e.g.*, Maurice "is able to provide a more stable, loving home environment in which to raise the child," Gatanya is "unable to provide a stable living environment for the child," "has consistently showed a lack of interest in the child," "is currently experiencing emotional difficulties," has stalked Maurice's fiancée, "has centered her life around impulsively serving her own needs above those of the child," as well as asserting the "neighborhoods and areas in which [Gatanya] has chosen to reside, particularly during the past three years, are commonly known to be dangerous areas."

¶ 6     On or about December 14, 2009, Gatanya responded by filing a motion for a protective order, supervised discovery and interim attorney fees. Gatanya alleged in part that Maurice's request to admit facts sought admissions to facts largely outside her personal knowledge. Gatanya also alleged that the request to admit facts was abusive and designed to increase her attorney fees. On December 15, 2009, the circuit court entered an order staying discovery pending resolution of Gatanya's motion. On July 23, 2010, the parties entered into an agreed order lifting the stay and providing each party 28 days to answer any pending discovery requests.

¶ 7     On May 24, 2010, the circuit court appointed a child representative for M.H.

¶ 8     On November 2, 2010, Maurice filed a motion to deem his request to admit facts admitted. On November 5, 2010, Maurice filed a motion to compel Gatanya to comply with the remaining discovery requests. On December 13, 2010, Gatanya filed her responses to these motions. However, following a hearing later that day, the circuit court granted the motion to compel and the motion to deem the request to admit facts admitted as to all 350 items in the original request.

¶ 9     On March 11, 2011, Maurice filed his motion for summary judgment on the custody petition, relying on the facts deemed admitted by Gatanya. On April 13, 3011, the child representative filed a motion seeking an extension of time to respond to Maurice's motion for summary judgment. The parties do not identify any written response from the child representative in the record. On April 14, 2011, after obtaining new counsel, Gatanya filed an emergency motion to vacate a portion of the December 13, 2010, order regarding the admission of facts or, in the alternative, for leave to file a response to Maurice's original request to admit facts. Maurice responded with a motion to strike and dismiss or, in the alternative, respond to the emergency motion.

¶ 10    On November 7, 2011, Gatanya filed her response in opposition to the motion for summary judgment. On November 22, 2011, following a hearing, the circuit court entered an order denying Gatanya's emergency motion. On February 12, 2012, Gatanya filed an amended response in opposition to the motion for summary judgment.

¶ 11    On March 16, 2012, the circuit court held a hearing on Maurice's motion for summary judgment on his custody petition. Maurice argued that Gatanya's admissions on issues regarding his fitness to have custody of M.H. and Gatanya's failure to provide a stable environment eliminated any genuine issue of material fact for trial. Gatanya argued that Maurice's motion focused exclusively on M.H.'s best interests, but failed to address the issue of whether there had been the substantial change in circumstances required by law to modify

custody. The child representative argued that the request to admit facts presented facts as of November 2009, and the court needed to evaluate all of the circumstances regarding M.H.'s best interests, rather than rely solely on the facts deemed admitted by Gatanya.

¶ 12 At the conclusion of the hearing, the trial judge stated that Maurice had shown a substantial change in circumstances as of November 25, 2009, based on the admitted facts, including ultimate facts on issues such as Gatanya's desire and ability to care for M.H. The trial judge also stated that Maurice had shown it was in M.H.'s best interests to be in Maurice's custody as of that date. However, the trial judge further stated that the child representative's argument that much had happened since that date was well-taken. The trial judge added, "I just don't feel comfortable because I don't know what's transpired since you filed or when the case would be tried." Moreover, the trial judge observed that she did not think there was case law regarding this type of child custody situation. The trial judge stated, "I think that we need to have a trial on the issue since then."

¶ 13 Accordingly, the trial judge entered an order on March 16, 2012, granting partial summary judgment to Maurice, based on the admitted facts. As stated in the order, the trial judge specifically found that as of November 25, 2009, a change in circumstances occurred and that a modification of custody to Maurice was necessary to serve M.H.'s best interest. The order also states that the court considered the factors listed in section 602 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/602 (West 2010)) in concluding that no question of material fact existed. The order further specifies that the request to admit facts only applies to the facts and circumstances of the case as of November 25, 2009.

¶ 14 Moreover, the order directs that although custody is granted to Maurice as of November 25, 2009, Gatanya would retain possession of M.H. without prejudice until a trial, which was scheduled for August 6-9 and August 13-16, 2012. At this trial, the statutory burden of proof would shift to Gatanya to regain custody of M.H. Accordingly, Gatanya was granted leave to file a petition to modify custody within 14 days, with Maurice being given 14 days to respond thereafter.

¶ 15 On April 10, 2012, Gatanya filed a timely notice of appeal to this court.

¶ 16 DISCUSSION

¶ 17 On appeal, Gatanya contends the trial judge erred in entering partial summary judgment on Maurice's petition to modify custody of M.H. Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). The purpose of summary judgment is not to try a question of fact, but to determine whether a genuine issue of triable fact exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). In determining whether a question of fact exists, "a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). Summary judgment is "a drastic means of disposing of litigation" and thus should only be awarded when the moving party's right

to judgment as a matter of law is "clear and free from doubt." *Id*. We review grants of summary judgment *de novo*. *Id*.

¶ 18    Gatanya contends the trial court erred by: (1) relying on subjective facts contained in the request to admit facts; (2) failing to consider the current circumstances of M.H.; and (3) failing to wait for the child representative to complete her investigation before ruling on the motion. We turn to address Gatanya's second argument, which is determinative in this appeal.

¶ 19    Maurice petitioned for sole custody of M.H. pursuant to section 610 of the Act. 750 ILCS 5/610 (West 2010). If, as in this case, the modification is sought more than two years after the entry of the original custodial award, the Act requires the petitioner to prove by clear and convincing evidence that (i) a change has occurred in the circumstances of either the child or both parties having custody, and (ii) that the modification is necessary to serve the best interest of the child. 750 ILCS 5/610(b) (West 2010). When deciding whether to modify child custody, the trial court must look at the totality of the circumstances. See *In re Marriage of Davis*, 341 Ill. App. 3d 356, 359 (2003); *In re Marriage of Nolte*, 241 Ill. App. 3d 320, 328 (1993). Moreover, " '[a] trial judge must make a permanent decision based on the evidence presented and cannot continue temporary custody from time to time either to avoid making a difficult decision or to avoid the requirements of section 610.' " *In re Marriage of Valliere*, 275 Ill. App. 3d 1095, 1101-02 (1995) (quoting *In re Marriage of Cesaretti*, 203 Ill. App. 3d 347, 354 (1990)).

¶ 20    In this case, the order appealed from and the transcript of proceedings for the hearing on the motion clearly show that the trial judge did not consider the totality of the circumstances.[1] Indeed, the judge admitted that she did not know what had transpired since the request to admit facts was filed and ordered a trial to determine whether custody of M.H. should be transferred to Maurice in fact. The purpose of summary judgment proceedings is to determine whether a genuine issue of triable fact exists. *Adams*, 211 Ill. 2d at 42-43. The record shows that the trial judge not only believed triable issues of fact existed, but she ordered a trial to determine whether physical custody of the child should be transferred to Maurice in fact. Summary judgment should only be awarded when the moving party's right to judgment is "clear and free from doubt." *Williams*, 228 Ill. 2d at 417. Here, the record indicates that trial judge obviously harbored doubt. The resulting order, which granted partial summary judgment, while leaving M.H. in the temporary physical custody of Gatanya and ordering a new trial on a petition not yet filed (with the resulting shift in the burden of proof), is in the nature of the orders condemned in cases like *Valliere* and *Cesaretti*. *Valliere*, 275 Ill. App. 3d at 1101-02; *Cesaretti*, 203 Ill. App. 3d at 354. While recognizing the unusual procedural posture of the case, we conclude that the circuit court erred in entering a retroactive partial summary judgment on the custody of the child and shifting the burden of proof to Gatanya to regain custody in a future trial.

---

[1]Maurice asserts that the trial judge was aware of the child's current circumstances, based on orders entered after 2009. However, the transcript of proceedings clearly shows the trial judge did not consider these orders or did not consider them sufficient on the issue.

¶ 21 Given this conclusion, we need not address Gatanya's other contentions at this time.

¶ 22                                                    CONCLUSION

¶ 23       In short, we conclude that the circuit court erred in entering partial summary judgment on the custody of M.H., because the record shows that the trial judge failed to consider the child's current circumstances, harbored doubt regarding those circumstances and believed a trial regarding those circumstances was necessary. For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed, and the case is remanded for further proceedings consistent with this opinion.

¶ 24       Reversed and remanded.