# Illinois Official Reports

## Appellate Court

---

### *American Access Casualty Co. v. Griffin*, 2014 IL App (1st) 130665

---

| | |
|---|---|
| Appellate Court Caption | AMERICAN ACCESS CASUALTY COMPANY, Plaintiff-Appellee, v. KIONNA GRIFFIN, Defendant-Appellant (Erica Perkins, Beverly Perkins, and LaTonya Reese, Defendants). |
| | |
| District & No. | First District, Sixth Division<br>Docket No. 1-13-0665 |
| | |
| Filed | March 31, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court reversed the entry of summary judgment for plaintiff insurer in its action seeking a declaratory judgment that it had no duty to defend or indemnify defendant for the losses arising from an automobile accident that occurred when a vehicle owned by defendant's mother and driven by defendant was involved in a collision with another vehicle, notwithstanding the facts that defendant had a nonowners automobile insurance policy and both she and her mother were defaulted in plaintiff's action, since genuine issues of material fact existed as to whether defendant had to ask her mother for permission to use the car, the nature of the permission that was granted, whether defendant was the "regular" or "primary" driver of the car, and whether any exclusions applied under the circumstances. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-014807; the Hon. Moshe Jacobius, Judge, presiding. |
| | |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Larsen Law Firm, P.C., of Chicago (Scott J. Larsen and Michael C. Keefe, of counsel), for appellant. |
| --- | --- |
| | Giamanco & Ooink Law Office, of Bolingbrook (Phyllis Roman, of counsel), for appellee. |

| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion. Justices Hall and Reyes concurred in the judgment and opinion. |
| --- | --- |

**OPINION**

¶ 1    Plaintiff, American Access Casualty Company (American), filed a complaint for declaratory judgment against defendants Erica Perkins, Beverly Perkins, LaTonya Reese, and Kionna Griffin. Erica Perkins is plaintiff's insured. The remaining defendants are named as necessary parties from whom no relief is sought. The complaint sought a declaration that plaintiff owes no duty to defend or indemnify Erica Perkins for losses caused by her use of a 1995 Dodge Avenger owned by defendant Beverly Perkins. The complaint also sought a declaration of whether the vehicle is covered by any primary insurance policy, and that Erica Perkins had breached her duty of assistance and cooperation under her insurance policy with plaintiff. Plaintiff filed a motion for summary judgment supported by an affidavit from one of its attorneys. Plaintiff's attorney made averments as to statements Erica Perkins allegedly made to him in two telephone conversations, which plaintiff argued constituted admissions eliminating her use of the subject vehicle from the insurance policy's coverage. The circuit court of Cook County granted plaintiff's motion for summary judgment.

¶ 2    For the following reasons, we reverse.

¶ 3                                    BACKGROUND

¶ 4    In September 2008, Erica Perkins was involved in an automobile accident while driving a 1995 Dodge Avenger allegedly owned by Beverly Perkins. Defendants LaTonya Reese and Kionna Griffin filed separate complaints against Erica Perkins for injuries each allegedly sustained as a result of the collision. American issued a nonowners automobile insurance policy to Erica Perkins. American is providing a defense to Erica Perkins against each complaint under a reservation of rights.

¶ 5    The policy contains the following pertinent language:

"If this policy is written as a Non-Owner's Filing Policy ***, it is agreed that such insurance as is afforded for Bodily Injury and Property Damage only applies with respect to the use of an 'non-owned automobile' and not any 'owned automobile' by the name[d] insured ***.

1. 'non-owned automobile' means an automobile not owned by or furnished for the regular use of the named insured ***;

2. This policy does not apply to any automobile owned by or furnished for the regular use of the named insured ***.

3. This insurance shall be excess over any other valid and collectible insurance."

¶ 6 The policy also contains a provision requiring the insured to "cooperate with the Company" and, upon request, to answer all questions and provide any written proofs of loss American requires. The policy states that American "has no duty to provide coverage under the policy unless there has been full compliance with these responsibilities." The complaint states, on information and belief, that Beverly Perkins furnished the vehicle to Erica Perkins for regular use. American alleged it made repeated attempts to contact both Erica Perkins and Beverly Perkins to verify ownership and whether any person had taken out a primary insurance policy on the vehicle, and to ascertain whether Erica Perkins used the vehicle on a regular basis. The complaint also alleged that Erica Perkins has continually failed to cooperate in American's investigation of this matter. The complaint alleged that as a consequence of the foregoing, American does not have a duty to defend or indemnify Erica Perkins against the Reese and Griffin lawsuits because the vehicle was furnished by a close relative for regular use.

¶ 7 Plaintiff sought a declaration staying any and all proceedings related to the vehicle accident, a declaration that American owes no duty to defend Erica Perkins in the Reese and Griffin lawsuits or for any losses caused by the vehicle accident because the vehicle is not a "non-owned automobile" under the policy, a determination of whether the vehicle is covered by a primary insurance policy, and a declaration that Erica Perkins violated the terms and conditions of the policy by failing to cooperate with American by providing documentation and information regarding ownership, insurance coverage, and usage of the vehicle.

¶ 8 Plaintiff issued a summons to defendants. In June 2011 plaintiff filed a motion to appoint a special process server and to issue alias summonses for Beverly Perkins, LaTonya Reese, and Erica Perkins. Plaintiff's motion alleged the sheriff's office returned summonses as not found. In July 2011 the trial court appointed a special process server and plaintiff issued alias summonses. On July 27, 2011, the special process server executed an affidavit of attempted service, stating that he had been unable to effect service on Erica Perkins or Beverly Perkins because neither resided at the given address and that the process server was unable to obtain any information from the current resident. On August 16, 2011, the Illinois Secretary of State accepted service of the summons and complaint for Erica Perkins. On August 31, 2011, plaintiff filed a motion for alternative service on Beverly Perkins through the Illinois Secretary of State. On October 6, 2011, the court granted the motion and granted plaintiff leave to serve Beverly Perkins by Secretary of State service and to issue a second alias summons. On October 31, 2011, the Illinois Secretary of State accepted service of the summons and complaint for Beverly Perkins.

¶ 9 On January 30, 2012, plaintiff filed a motion for default judgment as to all defendants. On January 31, 2012, plaintiff moved for summary judgment. On February 9, 2012, the trial court granted plaintiff's motion for default judgment as to Erica Perkins, Beverly Perkins, and LaTonya Reese. The court granted Griffin leave to file an appearance and answer. In August 2012, the court vacated default judgment against Reese and granted her leave to file an appearance. In October 2012, the court entered an order for Reese to appear or otherwise plead

by October 30, 2012. The court then set a briefing schedule for plaintiff's motion for summary judgment. In December 2012, Reese filed an agreed motion for entry of an order entering her stipulation to be bound by any judgment of the trial court in this cause of action without her active participation.

¶ 10    Plaintiff's motion for summary judgment states that all of the facts stated therein are alleged in plaintiff's complaint, the pleadings on file, the certified documents attached to the motion, and in the affidavits attached to the motion. As it pertains to the issues in this appeal, the motion states as follows: Erica Perkins was the primary driver of the vehicle involved in the accident for which Reese and Griffin seek damages from Erica Perkins. In support, the motion cites to an affidavit prepared by Joseph Paul Giamanco, one of plaintiff's attorneys. Plaintiff's motion for summary judgment also claims that proof of service on file with the circuit court clerk shows service in this matter on Erica Perkins "on August 16, 2011 through Illinois Secretary of State Service, as a non-resident."

¶ 11    Plaintiff's motion for summary judgment argues that there is no genuine issue of material fact, and that the undisputed facts establish that the vehicle at issue was a vehicle furnished for Erica Perkins' regular use and therefore was not covered by her insurance policy with plaintiff. Plaintiff's motion does not argue that plaintiff owes no duty to defend or indemnify Erica Perkins because she failed to cooperate with plaintiff's investigation. Plaintiff asked the trial court to find and declare that plaintiff has no duty to defend or indemnify Erica Perkins for liability stemming from the automobile accident at issue.

¶ 12    Plaintiff's argument in its motion for summary judgment characterizes the allegations in Giamanco's affidavit, which allegedly memorializes statements Erica Perkins made to Giamanco in two separate telephone conversations, as admissions. The affidavit contains the following pertinent averments:

> "3. On November 11, 2011, I received a phone call from Defendant, ERICA PERKINS who identified herself as such and advised that she had received a copy of the Declaratory Judgment Complaint filed against her which was served on her via the Illinois Secretary of State. At that time Ms. Perkins advised that she was living in Minnesota and moving around quite a bit and as such could not provide me with a phone number or a permanent address; however, she advised me that all correspondence intended for her could be sent to 4301 Nobel 78th Avenue North, Brooklyn Park, Minnesota 55443.
>
> * * *
>
> 5. During that conversation ERICA PERKINS made the following admissions:
>
> a. On September 28, 2008 [*sic*] she was involved in a collision with LaTonya Reese, while driving a 1995 Dodge Avenger. At the time of the collision Kionna Griffen [*sic*] was riding as a passenger in LaTonya Reese's vehicle.
>
> b. Her mother, Beverly Perkins was the owner of the 1995 Dodge Avenger.
>
> c. ERICA PERKINS was not the owner of the 1995 Dodge Avenger.
>
> d. She previously drove the 1995 Dodge Avenger on many occasions with her mother's permission.
>
> e. She was the primary driver of the 1995 Dodge Avenger.
>
> f. Her mother, Beverly Perkins, owned a second vehicle which Beverly Perkins used as her primary vehicle.
>
> g. Because of ERICA PERKINS' regular use of the 1995 Dodge Avenger she

was familiar with its operation.

* * *

8. After the telephone conversation was concluded I looked at the caller ID and noted that the number she called from was (708) 793-0344.

9. On January 17, 2012, I called ERICA PERKINS, at (708)793-0344 ***. At that time she again identified herself as ERICA PERKINS. ***

* * *

11. During that conversation ERICA PERKINS confirmed all the admissions she made to me during our November 11, 2011 telephone conversation, outlined above in paragraph 5, subparagraphs a-g."

¶ 13    Mr. Giamanco's affidavit relates how Erica Perkins agreed to execute an affidavit stating the information she provided to him in these telephone conversations, that he twice attempted to send her an affidavit for her signature at an address she provided, but that Erica Perkins never executed and returned an affidavit to him.

¶ 14    On January 23, 2013, the trial court held a hearing on plaintiff's motion for summary judgment. Erica and Beverly Perkins did not appear at the hearing. Griffin's attorney argued that the affidavit plaintiff attached to its motion for summary judgment consisted entirely of hearsay, lacked adequate foundation, and that Erica Perkins was not properly made a party to the proceedings. The same day, the court entered its written order granting summary judgment in favor of plaintiff on the grounds "the pleadings, admissions, and affidavits on file show that there is no genuine issue as to whether the Dodge Avenger was an automobile furnished for Erica's regular use" and therefore it "is not covered by the Policy issued by Plaintiff to Erica." The court's order also entered a declaration that plaintiff has no duty to cover Erica Perkins' losses from the accident at issue in this case and has no duty to defend or indemnify Erica Perkins in the underlying lawsuits in this case or for any other matter arising out of the accident.

¶ 15    On February 22, 2013, Griffin filed a notice of appeal. In October 2013, this court allowed Reese's motion to adopt Griffin's brief. We now address the merits of the appeal.

¶ 16                                    ANALYSIS

¶ 17    Defendants argue the question of whether a vehicle is furnished for the regular use of a driver for purposes of determining whether coverage is excluded under a provision like the one at issue in this case is a question of fact that cannot be resolved on summary judgment. Defendants also argue that the facts alleged in plaintiff's affidavit do not demonstrate the absence of a genuine issue of material fact on the question of whether the vehicle was furnished for Erica Perkins' regular use. Rather, defendants argue, Erica Perkins' alleged statement that she was the "primary driver" of the vehicle is not so clear as to demonstrate that there is no question of material fact because that expression is subject to a "fluid definition" that may not equate to the vehicle being provided for the "primary" driver's "regular use." Defendants also argue the affidavit contains conflicting statements about the usage of the vehicle, because the affidavit claims that Erica Perkins stated she was the "primary driver" but also that she drove the vehicle with the owner's permission. Alternatively, defendants' argue the affidavit is insufficient to establish plaintiff's right to summary judgment because the affidavit is inadmissible hearsay and the admission by a party-opponent exception to the

hearsay rule does not apply. Defendants also argue that if the caller's statements are not hearsay, plaintiff has failed to provide a proper foundation to admit the affidavit because it contains insufficient facts to authenticate the identity of the nonaffiant party to the telephone conversation. Finally, defendants argue that plaintiff's counsel's affidavit should not be allowed because counsel is a third party with a vested interest in the case.

¶ 18 Plaintiff responds defendants forfeited any argument not raised in the trial court and, consequently, defendants are barred from arguing that the question of regular use is not amenable to determination by summary judgment or that plaintiff failed to properly serve Erica Perkins and, therefore, she is not a party to these proceedings. Plaintiff also argues defendants failed to support their argument the affidavit should not be allowed because the affiant is a third party with a vested interest in the case with citation to relevant authority, thereby forfeiting that argument as well.

¶ 19 We need not address plaintiff's argument that certain of defendants' arguments are forfeited. Nor do we have need to address defendants' alternative arguments the trial court erred in considering the affidavit at all. "A circuit court may properly grant a motion for summary judgment where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. [Citation.]" *West v. American Standard Insurance Co. of Wisconsin*, 2011 IL App (1st) 101274, ¶ 6. "Summary judgment should not be granted unless the moving party's right to judgment is clear and free from doubt. If the undisputed material facts could lead reasonable observers to divergent inferences, *** summary judgment should be denied and the issue decided by the trier of fact." *Pielet v. Pielet*, 2012 IL 112064, ¶ 53. "We review *de novo* rulings on summary judgment." *Bartlow v. Costigan*, 2014 IL 115152, ¶ 17.

> "The purpose of summary judgment is not to try a question of fact, but to determine whether a genuine issue of triable fact exists. [Citation.] In determining whether a question of fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. [Citation.] Summary judgment is a drastic means of disposing of litigation and thus should only be awarded when the moving party's right to judgment as a matter of law is clear and free from doubt." (Internal quotation marks omitted.) *In re Marriage of Maurice B.H.*, 2012 IL App (1st) 121105, ¶ 17.

¶ 20 For reasons explained more fully herein, plaintiff may not rely on Beverly and Erica Perkins' default in support of its motion for summary judgment on its complaint against defendants Griffin and Reese. Thus, we can resolve this appeal from the face of the affidavit, without relying on defendants' arguments the affidavit should not be considered. We also make no decision as to whether "regular use" is always a question for the trier of fact that cannot be disposed of by summary judgment.[1] In this case, a triable issue of fact exists. We

---

[1]We decline to reach this and the other issues noted because our supreme court has warned that "[a]dvisory opinions are to be avoided." *Marion Hospital Corp. v. Illinois Health Facilities Planning Board*, 201 Ill. 2d 465, 475 (2002). Nonetheless, we acknowledge the fact that this court has affirmed, in a nonprecedential order, summary judgment on a complaint seeking declaratory relief on the grounds an insurance policy excluded coverage because a vehicle was available for regular use. See *Illinois Farmers Insurance Co. v. Estate of James*, 2011 IL App (1st) 110759-U, ¶¶ 1-2.

cannot say that the vehicle was furnished for the regular use of Erica Perkins as a matter of law. Quite to the contrary, even accepting all of the facts alleged in the affidavit as true and admissible, those averments leave open questions of fact that are material to whether the vehicle was furnished for her regular use for purposes of the exclusion in the nonowner's automobile insurance policy. Accordingly, we cannot say that plaintiff's right to judgment as a matter of law is clear and free from doubt.

¶ 21    "The construction of an insurance policy is a question of law that this court determines *de novo*." *American Standard Insurance Co. of Wisconsin*, 2011 IL App (1st) 101274, ¶ 6. "General contract law governs the interpretation of insurance policies. [Citation.] As such, courts seek to effectuate the intention of the parties, primarily as expressed through the policy language itself." *American Standard Insurance Co. of Wisconsin*, 2011 IL App (1st) 101274, ¶ 5. The policy at issue does not define the term "regular use." The term "regular use" is "not subject to absolute definition and *** each case is dependent upon its own facts and circumstances." *State Farm Mutual Automobile Insurance Co. v. Differding*, 69 Ill. 2d 103, 107 (1977). Nonetheless, this court has long recognized:

> "[T]he exclusion of cars furnished for regular use to the insured or a member of his household would seem to indicate the intention of the company to protect itself from a situation where an insured could pay for one policy and be covered by the insurance in driving any car that he decided to use whether owned by him or members of his family, or cars that had been furnished for his regular use; *in other words, cars under his control that he could use at will and might use often*. Without some such exclusion it is obvious that the company might lose premiums and also that the hazard under the insurance would be increased. It is evident that the purpose on the part of the company in extending the driver's regular insurance without the payment of any additional premiums would apply to the occasional driving of cars other than his own, but would be inapplicable to an automobile furnished to the insured for his regular use." (Emphasis added and internal quotation marks omitted.) *Continental National American Group v. Vaicunas*, 26 Ill. App. 3d 835, 838 (1975).

¶ 22    Plaintiff's affidavit does not state that Erica Perkins used the vehicle *at will* or *often*. The affidavit states that she previously drove the 1995 Dodge Avenger on *many* occasions with her mother's *permission*. The scope and duration of permission to use a nonowned vehicle can be "particularly determinative of whether [the] vehicle was or was not available for [the driver's] regular use." *Knack v. Phillips*, 134 Ill. App. 3d 117, 122 (1985). The permission may be "more consistent with a limited and casual use, and not a regular use." *Id*. The affidavit says nothing about the scope or duration of her mother's permission. The affidavit does not state whether "the duration of her permission to use the automobile was [ever] precisely agreed upon." *Knack*, 134 Ill. App. 3d at 122. The affidavit does not state how long Erica Perkins would be permitted to use the vehicle when Beverly Perkins allegedly granted the permission, or how long Erica Perkins had been permitted to use the automobile at the time of the collision. See *Sheary v. State Farm Mutual Automobile Insurance Co.*, 207 Ill. App. 3d 1067, 1071 (1991) (trial court's judgment driver's use of vehicle not excluded by regular use provision was not against the manifest weight of the evidence where driver "had been allowed to use the car for only 15 minutes prior to the accident"). The *Sheary* court distinguished *Differding*, 69 Ill. 2d at 105 (affirming trial court judgment insurance policy provided no coverage), on the basis that, in *Differding*, "the car was available to the insured *** [for] a period substantially

longer than that involved here." *Sheary*, 207 Ill. App. 3d at 1071. In this case, we do not know the length of time the car was available to Erica Perkins.

¶ 23    Plaintiff is correct that the "affidavit does not state that Erica Perkins had to ask for her mother's permission to use the car." Nor does it state that she *did not* have to ask for her mother's permission to use the car. It only states that she used the car on many occasions with her mother's permission. A trier of fact could reasonably infer that Erica Perkins did not have to ask permission. A trier of fact could also reasonably infer that Erica Perkins did have to ask permission. If permission was required, the affidavit does not state whether Beverly Perkins permitted Erica Perkins to use the vehicle for all purposes, or whether the permission was limited to a specific purpose. The affidavit does not state whether the permission was a "temporary accommodation" to Erica Perkins. *Knack*, 134 Ill. App. 3d at 122. The answers to these questions affects the determination of whether the vehicle was provided for her regular use. See *Knack*, 134 Ill. App. 3d at 122. Further, in *Auto Owners Insurance Co. v. Miller*, 138 Ill. 2d 124, 127 (1990), our supreme court affirmed the trial court's judgment that the vehicle was not provided for the driver's regular use where the vehicle was provided for business purposes only and the driver was involved in an accident while using the vehicle for personal reasons. *Miller*, 138 Ill. 2d at 130. The owner of the vehicle, the driver's employer, authorized the driver to use the vehicle for business purposes only. *Id*. at 129. Our supreme court held that based on those facts, "it is clear the truck was not furnished *** for his regular use." *Id*. Rather, the court held, the driver's "personal use of the truck was isolated, casual, and unauthorized." *Id*.

¶ 24    The affidavit in this case does not state whether, on the day of the accident, Erica Perkins was using the vehicle with permission, for what purpose she was given permission to use the vehicle, if any, or if she was using the vehicle for that purpose at the time of the collision. Nor does the affidavit say how Beverly and Erica Perkins regarded the permission to use the vehicle, *i.e.*, whether Beverly Perkins' permission was "anything more than a temporary, casual use of the automobile." *Knack*, 134 Ill. App. 3d at 122. Thus, even accepting the statements in the affidavit as true, whether Erica Perkins *required* permission to use the car, or was or was not using the car with permission on the date of the collision, are material questions of fact which preclude summary judgment in favor of plaintiff. *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49 (a genuine issue of material fact precluding summary judgment exists if the material facts are undisputed but reasonable persons might draw different inferences from the undisputed facts).

¶ 25    Moreover, accepting as true that Erica Perkins stated that she was the "primary driver" of the vehicle and that she was familiar with its operation from "regular use," we find that summary judgment is not proper. Those statements are facially ambiguous. Even if the former is taken to mean that no one else used the vehicle, that fact does not automatically translate into *regular* and *frequent* use of the automobile by Erica Perkins. See *Econo Lease, Inc. v. Noffsinger*, 63 Ill. 2d 390, 394 (1976) (holding regular use exclusion applied where the facts showed that the driver "was going to regularly and frequently use the automobile"). Even if Erica Perkins "regularly" (*i.e.*, "at regular intervals")[2] used the vehicle, as demonstrated above, a reasonable trier of fact could also infer from plaintiff's affidavit that when Erica Perkins did use the vehicle, she did so only with permission and for a limited purpose. Taking the affidavit

---

[2] See http://www.merriam-webster.com/dictionary/regularly (last visited Mar. 3, 2014).

- 8 -

at full face value, many other facts left unresolved could affect the determination of whether the vehicle was provided for her regular use within the meaning of the exclusion in plaintiff's insurance policy. Accordingly, summary judgment is not proper. *Mashal*, 2012 IL 112341, ¶ 49.

¶ 26 In *Knack*, the case was submitted to the trial judge upon evidence depositions, together with the insurance policy in question. *Knack*, 134 Ill. App. 3d at 118. There, the court had the benefit of a full exposition of the facts and circumstances surrounding the driver's use of the vehicle at issue. *Id*. at 118-19. In this case, we have no factual background or context for Erica Perkins' alleged statements. Therefore, even accepting those statements as true, in this case we cannot say that the vehicle was available for her regular use as a matter of law. Compare *Knack*, 134 Ill. App. 3d at 122 ("Addressing the facts at the case at bar, we find the following to be particularly determinative of whether [the] vehicle was or was not available for [the driver's] regular use."). Our holding is simply that we cannot make the necessary determination as a matter of law on the record before this court. This holding in no way precludes the trial court from finding, after a trial, that the vehicle was available for Erica Perkins' regular use.

¶ 27 Although plaintiff did not urge the Perkinses' default judgment as a ground on which it is entitled to summary judgment in the trial court, we must address plaintiff's argument on appeal that it is entitled to summary judgment because the trial court entered a default judgment against Erica Perkins and Beverly Perkins, thus the allegations in the complaint are deemed true. *Argueta v. Krivickas*, 2011 IL App (1st) 102166, ¶ 5 ("The trial court's summary judgment may be affirmed on any basis appearing in the record whether or not the court relied on that basis or its reasoning was correct. [Citation.]" (Internal quotation marks omitted.)). Plaintiff argues that the pertinent allegations in the complaint are that Erica Perkins is not the owner of the vehicle at issue, and that Beverly Perkins, her mother, provided the vehicle for her regular use. Based on those "admitted" facts, plaintiff argues it is entitled to summary judgment on its complaint that it does not owe a duty to defend or indemnify Erica Perkins for any liability arising out of the collision at issue. Griffin responds she is not bound by the Perkinses' admission, therefore, absent the affidavit, plaintiff has adduced no evidence the vehicle was provided for Erica Perkins' regular use. We agree.

¶ 28 "A default admits the facts alleged against a defendant in the complaint to be true. [Citation.] A default does not admit the conclusions present in the complaint. [Citation.] A default for failure to plead is effective against only the party in default." *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 66. In *Beltran*, the plaintiff insurance company filed an action seeking a declaratory judgment that it did not owe a duty to defend or indemnify its insured because the insured made material misrepresentations in her application. *Beltran*, 2013 IL App (1st) 121128, ¶ 13. The defendant insured the parties seeking to recover from the plaintiff's insured, and filed a cross-motion for summary judgment as their subrogee. *Id*. ¶ 31. The trial court granted summary judgment in favor of the defendant-subrogee. *Id*. ¶ 36. On appeal, the plaintiff-insurer argued that because its insureds were in default, "the allegations in the complaint are admitted against them and may be used as evidence." *Id*. ¶ 65. There, the plaintiff made clear it was not arguing that the allegations in the complaint were admitted against the defendant-subrogee or the injured parties, but "rather that the allegations are now evidence that [they] must 'meet and overcome.' " *Id*. The *Beltran* court rejected the plaintiff's basic premise that "because facts in the complaint are deemed judicially admitted against some

parties, those facts are to be treated as presumptively proven against the nondefaulting defendants, and the nondefaulting defendants now have the burden to rebut the presumption." *Id*. ¶ 67. The *Beltran* court noted that "[t]he default of one defendant is not an admission by the others, and does not relieve the complainant from the necessity of establishing his case against those who appear and plead." (Internal quotation marks omitted.) *Id*. ¶ 68 (quoting *Chamblin v. Chamblin*, 362 Ill. 588, 593 (1936)). The court held that the complainant must "*prove* the issues to the answering defendants." (Emphasis in original and internal quotation marks omitted.) *Id*. (quoting *Chamblin*, 362 Ill. at 593).

¶ 29     The *Beltran* court would not even permit another party's default to be used as evidence against a non-defaulting defendant. Plaintiff's assertion that Beverly and Erica Perkins' default is actually binding on defendants in this appeal is contrary to law. *Universal Casualty Co. v. Lopez*, 376 Ill. App. 3d 459, 466 (2007) ("[W]here, as here, some defendants default and others answer, [a] default judgment entered against one set of defendants may not be used as an admission of a disputed evidentiary matter by the nondefaulting defendants. [Citation.]" (Internal quotation marks omitted.)). "A judgment or decree against one defendant for want of a plea or answer does not prevent any other defendant from contesting, so far as respects himself, the very fact which is admitted by the other party. [Citation.]" (Internal quotation marks omitted.) *Id*. at 467 (quoting *Chamblin*, 362 Ill. at 593). Thus "[u]nder *Chamblin* and its progeny, an admission attributable to defaulting defendants could not be attributed to the nondefaulting defendants." *Id*.

¶ 30     Plaintiff has not argued on appeal that it is entitled to summary judgment on the alternative grounds that Erica Perkins breached her duty of cooperation under the policy, and, therefore, American has no duty to provide coverage. "An argument of an otherwise properly preserved issue on appeal is waived when it fails to comply with Supreme Court Rule 341 [citation] or another supreme court rule." *Ryan v. Yarbrough*, 355 Ill. App. 3d 342, 346 (2005).

> "[I]f a point is not argued, it is waived and cannot be raised in a reply brief, oral argument, or petition for rehearing. [Citation.] The well-established rule is that mere contentions, without argument or citation of authority, do not merit consideration on appeal. [Citation.] Contentions supported by some argument but by absolutely no authority do not meet the requirements of Supreme Court Rule 341([h])(7). [Citation.] A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research. [Citation.] Accordingly, we may treat the issue raised as having been waived for failure to cite authority." (Internal quotation marks omitted.) *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 881-82 (2010).

¶ 31     Plaintiff may not rely on Beverly and Erica Perkins' default in support of its motion for summary judgment on its complaint against defendants Griffin and Reese. Plaintiff's affidavit is not sufficient to demonstrate that plaintiff's right to judgment is clear and free from doubt. Accordingly, the trial court's judgment granting summary judgment in favor of plaintiff is reversed.

¶ 32                                    CONCLUSION

¶ 33        For the foregoing reasons, the circuit court's judgment is reversed, and the cause remanded for further proceedings.

¶ 34        Reversed and remanded.